## 29238. WRIGHT BODY WORKS, INC. v. COLUMBUS INTERSTATE INSURANCE AGENCY.

NICHOLS, Presiding Justice.

Certiorari was granted in this case to review the decision of the Court of Appeals in this case. *Wright Body Works v. Columbus Interstate Ins. Agency,* 132 Ga. App.

307 (208 SE2d 111). The question presented for decision is whether this case is controlled by the decisions of the Court of Appeals in *Fields v. Goldstein,* 97 Ga. App. 286 (102 SE2d 921), affd. 214 Ga. 277 (104 SE2d 337) and *S & A Corp. v. Berger & Co.,* 111 Ga. App. 39 (140 SE2d 509), and similar cases.

The majority of the Court of Appeals in this case has held that in every case where an insurance policy is issued and the insured is furnished with a copy of such policy, no recovery can ever be had if the policy does not in fact provide the coverage contracted for. Such is not the law.

In *Fields,* supra, the complaint was that the defendants had failed to attach a written rider to a fire insurance policy which would have consisted of a waiver of the vacancy provision, which provision excluded liability for any loss occurring while the building covered was vacant or unoccupied after a period of 60 days. In *S & A Corp.,* supra, the plaintiff had requested coverage in the amount of $7,500 and the agent had furnished a policy for only $3,000 coverage. In both of these cases an examination would have made it readily apparent that the coverage contracted for was not issued. Such is not the case here.

Also in *Fields,* supra, it was pointed out by the court the defendant there was an agent of the insurer and a broker. It was held: "Furthermore an insurance agent, as distinguished from an insurance broker, cannot in Georgia be the agent of an applicant for insurance and an insurance company at the same time as to any particular transaction without the consent of both principals." P. 287. Generally speaking, an insurance agent represents the insurer while an insurance broker represents the insured. See 21A Words and Phrases 627, Insurance Agent; id., p. 632, Insurance Broker; 44 CJS 798, 799, Insurance, §§ 139, 140.

The complaint in the instant case does not designate the defendant corporation as an agent or broker but does allege "the defendant has been and is presently engaged in Muscogee County, Georgia, in the commercial business of writing various insurance coverage and insurance policies for profit with individuals and corporate clients

in Muscogee County, Georgia." An affidavit filed in support of the defendant's motion for summary judgment discloses that the defendant procured the insurance coverage sought from two companies which would indicate "broker" and not "agent."

The two contracts of insurance issued by different companies were identical and each included a provision for "co-insurance" in the amount of 70 percent. This provision, in simple terms, required the insured to maintain an amount of insurance equal to at least 70 percent of an amount based upon designated earnings of the insured, otherwise the liability of the insurer would only be 70 percent of the actual loss.

In order to determine if adequate insurance was provided, the defendant was furnished annual audits of the plaintiff's business operations. The defendant examined such audits each year but determined the amount of insurance needed to assure full coverage based upon "gross profit" rather than "gross earnings" which latter term was specifically defined in the policy. The damages here sustained were the result of the defendant determining the amount of required coverage based upon "gross profits" rather than "gross earnings."

An agent who negligently fails to procure insurance for his principal is liable to the principal for any resulting loss. See *Thomas v. Funkhouser,* 91 Ga. 478 (18 SE 312).

Whether the defendant was licensed as an "agent" or as a "broker" under the Insurance Code of Georgia (Ga. L. 1960, pp. 289, 426; Code Ann. Ch. 56-8B), is immaterial to a determination of this case for the relationship of the parties, not the license held by the defendant, is the controlling issue.

For a discussion of dual agency, see *Spratlin, Harrington & Thomas, Inc. v. Hawn,* 116 Ga. App. 175 (156 SE2d 402).

Although the defendant may have had a contractual arrangement with various insurance companies which placed it in the position of an agent of such companies yet such dual agency would not in and of itself relieve the agent of any responsibility under the terms of its agency agreement with the plaintiff. See *Todd v. German American Ins. Co.,* 2 Ga. App. 789 (59 SE 94).

The gist of the present complaint is that the defendant, holding itself out as an expert in the field of insurance, after examining the plaintiff's business records, was to obtain a sufficient amount of business interruption insurance to properly protect the plaintiff. As a result of the defendant's negligence such insurance was not procured, a loss occurred, and the present litigation followed. The defendant had undertaken to do more than issue a policy. It had undertaken to review annually the business audits of the plaintiff company and to determine if such policies were sufficient.

The defendant corporation in undertaking to perform this service as the plaintiff's agent relieved the plaintiff from the responsibility of itself having the policy examined minutely to determine if the coverage required was included within the terms of the insurance policies.

A jury question exists, under the allegations of the complaint, the answer, the affidavits and depositions submitted in support of the summary judgment as to a relationship between the plaintiff and the defendant, as well as to any negligence on the part of the defendant.

The judgment of the Court of Appeals affirming the grant of a summary judgment to the defendant was error and must be reversed.

*Judgment reversed. All the Justices concur, except Undercofler, Gunter and Hall, JJ., who dissent.*

ARGUED NOVEMBER 12, 1974 — DECIDED NOVEMBER 26, 1974.

*Paul Kilpatrick, Jr., Frank K. Martin, William L. Tucker,* for appellant.
*Kelly, Champion, Denney & Pease, Edward W. Szczepanski,* for appellee.