70906. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. ARNOLD et al.
(334 SE2d 733)

BANKE, Chief Judge.

Appellees Frankie Arnold, Dwight Page, and Faye Jones brought suit against the appellant, Georgia Farm Bureau Mutual Insurance Company, to recover benefits allegedly owed by the company as the

result of the destruction by fire of an insured dwelling jointly owned by them. The complaint alleged that the appellant's sales agent was informed of the appellees' joint ownership of the property at the time the insurance was applied for; that she undertook to obtain the requested insurance by endorsement to a farm owner's policy already held by appellee Arnold; that the endorsement was nevertheless issued without the designation of Jones and Page as additional named insureds; that Jones and Page were unaware of this omission; that the appellees jointly paid the premiums for full coverage of the property for a period of four years; and that, when the claim was made under the policy, appellant took the position that it had insured only the one-third interest owned by Arnold. The appellees asserted that the appellant was both estopped to deny full coverage and liable for the alleged negligence of its agent in not causing the endorsement to be issued in all three names. The case proceeded to jury trial, resulting in a verdict in favor of the appellees. On appeal from the denial of its motion for new trial, the appellant contends that the trial court erred in not directing a verdict in its favor because (1) an action on an insurance policy must be brought in the name of the holder of the legal title; and (2) the evidence was insufficient to establish the value of the personalty lost in the fire. *Held:*

1. The evidence was sufficient to support a finding of liability on the part of the appellant based on the negligence of its agent in carrying out an undertaking to provide full coverage on the property. "[W]here one undertakes to procure insurance for another and is guilty of . . . negligence in his undertaking, he is liable for loss or damage to the limit of the agreed policy. [Cits.]" *Beiter v. Decatur Fed. &c. Assn.*, 222 Ga. 516, 518 (2) (150 SE2d 687) (1966); *Beavers Ins. Agency v. Roland*, 135 Ga. App. 263 (217 SE2d 484) (1975). It may reasonably be inferred from the testimony of the appellant's sales agent in this case that in taking the application for insurance on the structure, she was acting as an employee of the appellant under its direct supervision and control, rather than as an independent contractor. Consequently, any negligence on her part in failing to procure the agreed upon coverage could be imputed to the appellant pursuant to the doctrine of respondeat superior. Compare *Guthrie v. GMAC*, 172 Ga. App. 260 (2), 262 (322 SE2d 752) (1984); *Logan v. American Bankers &c. Co.*, 168 Ga. App. 647, 650 (2) (310 SE2d 263) (1983). The agent's denial that an undertaking to procure full coverage existed merely presented a jury issue in this regard. Since an examination of the policy would not have made it "readily apparent" that the structure was not insured for its full value, any failure by the appellees to read the policy would not operate to insulate the company from liability. See *Wright Body Works v. Columbus Interstate Ins. Agency*, 233 Ga. 268, 269 (210 SE2d 801) (1974). Compare *Turner,*

*Wood & Smith, Inc. v. Reed,* 169 Ga. App. 213, 214-215 (311 SE2d 859) (1983).

2. In order to sustain the grant of a directed verdict based on a failure of proof of damages, "[t]here must be a complete absence of any competent evidence on this issue. [Cit.]" *Smith v. Gen. Fin. Corp.,* 143 Ga. App. 390, 391 (1) (238 SE2d 694) (1977). Mrs. Page testified that she, her husband, and the other two appellees sat down together and reviewed the damaged personalty piece by piece to determine when and where it was purchased, and for how much, and then depreciated each item to obtain what they believed the current worth was. Although Mrs. Page was the only witness questioned in any detail as to the valuation of these items, her testimony established a sufficient foundation of experience on her part in purchasing such household items to enable her to express an opinion as to their worth. While her testimony was certainly based in part on information received from the other appellees, it is apparent that she was personally familiar with all of the items in the house; and it has been held that the opinion of a qualified witness as to value is not rendered inadmissible simply because it is shown to be based in part on hearsay evidence which would be inadmissible in its own right. See *Dendy v. MARTA,* 163 Ga. App. 213, 217 (2) (293 SE2d 372) (1982). Moreover, since the items involved were of a relatively common nature, the members of the jury were authorized to exercise their own knowledge and judgment in reaching a determination as to their value. See *Allgood Rd. United Methodist Church v. Smith,* 173 Ga. App. 28, 29 (2) (325 SE2d 392) (1984); *Atlanta Commercial Bldrs. v. Polinsky,* 148 Ga. App. 181, 182 (1) (250 SE2d 781) (1978). Thus, we hold that the evidence was sufficient to support the jury's valuation of the personalty lost in the fire. See generally *Hoard v. Wiley,* 113 Ga. App. 328, 329 (1) (147 SE2d 782) (1966). It follows that the trial court did not err in overruling appellant's motion for directed verdict on this issue. Accord *Oglethorpe Realty Co. v. Hazzard,* 172 Ga. App. 98 (1) (321 SE2d 820) (1984).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 9, 1985.

*Robert F. Oliver, John O. Bouwsma,* for appellant.
*David R. Montgomery, James E. Hudson, Kenneth Kalivoda,* for appellees.