A89A0556. GREENE v. LILBURN INSURANCE
AGENCY, INC. et al.
(383 SE2d 194)

CARLEY, Chief Judge.

Appellant-plaintiff brought suit, alleging the negligent failure of appellee-defendants to secure and obtain theft insurance coverage on his behalf. The trial court granted appellees' motion for summary judgment and appellant appeals from that order.

The general rule is that an insured has an obligation to read and examine his insurance policy to determine the nature of the coverage therein. See *Epps v. Nicholson*, 187 Ga. App. 246, 247 (2) (370 SE2d

13) (1988). There is, however, an exception. " 'In *Wright Body Works v. Columbus Interstate Ins. Agency*, 233 Ga. 268 (210 SE2d 801) [(1974)], the Supreme Court recognized that under appropriate circumstances the broker or agent who held himself out as an expert in the field of insurance and who performed such expert services on behalf of an insured could be liable ex delicto for his negligence in failing to perform those services adequately. . . . So long as the insured is required to rely upon the agent to exercise the agent's expertise, the rule announced in *Wright*, supra, will apply.' [Cit.]" *McCullohs Svc. Station v. Wilkes*, 183 Ga. App. 687, 689 (1) (359 SE2d 745) (1987). The *Wright* exception will apply "where the prospective insured must rely on the expertise of the agent to identify and procure the correct amount or type of insurance." *Epps v. Nicholson*, supra at 248 (2).

In his deposition, appellant states that he specifically requested theft coverage. Therefore, "[t]here is no evidence that appellee[s] had any discretion in the type . . . of insurance." *McCullohs Svc. Station v. Wilkes*, supra at 689-690 (1). Accordingly, no genuine issue of material fact remains as to the applicability of the *Wright* exception. The evidence of record also shows that appellant is a pharmacist and that he has admitted that he can read. Since "an examination [of the policy] would have made it readily apparent that the coverage contracted for was not issued[,]" *Wright Body Works v. Columbus Interstate Ins. Agency*, supra at 269, it follows that appellant's "failure to examine the policy . . . precludes any recovery against the [appellees]." *Turner, Wood & Smith, Inc. v. Reed*, 169 Ga. App. 213, 215 (311 SE2d 859) (1983). The trial court correctly granted summary judgment in favor of appellees.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 6, 1989.

*John F. Doran, Jr.*, for appellant.
*Dennis & Corry, Michael T. Thornton, John K. Fitzgerald*, for appellees.