A90A0262. FREGEAU v. HALL.
(396 SE2d 241)

SOGNIER, Judge.

Jimmy Hall brought suit against Betty Fregeau d/b/a Betty's Metropolitan Insurance Services, alleging negligent or fraudulent failure to procure "full coverage" insurance for a building he owned. We authorized Fregeau's interlocutory appeal from the denial of her motion for summary judgment.

The depositions and affidavits in the record disclose that appellee owned two buildings for which his wife, Lynn Hall, acting as his agent, had purchased a fire, vandalism, and extended coverage insurance policy issued by Holyoke Mutual Insurance Company and written by an agent other than appellant. When that carrier ceased issuing policies in Georgia, Lynn Hall contacted appellant and asked for quotes for insurance on those two buildings plus a metal building appellee had just constructed. After reviewing appellee's existing policy, appellant obtained quotes for the same coverage from several carriers. Ms. Hall selected a Stone Mountain Insurance Company policy, the least expensive option offered, and signed the application under power of attorney from appellee. The parties agree that Ms. Hall specified that she wanted $75,000 of coverage for the metal building, but disagree as to the type of coverage requested. Appellant testified that Ms. Hall requested only fire insurance, but appellant recommended she purchase a fire, vandalism, and extended coverage policy. Ms. Hall testified that she assumed she had asked appellant to obtain

the same type of coverage they had with Holyoke, that she had asked for "full coverage," and that although she had not read the Holyoke policy she had thought it provided full coverage. The application Ms. Hall signed has a check mark in the box beside "property" coverage and includes in the same section the handwritten notations "[f]ire," "EC," and "vandalism." After the binder was issued but before the policy itself had been sent to appellee, the metal building collapsed during a heavy snow. It is undisputed that the Stone Mountain policy did not provide collapse coverage, and that the carrier informed appellee that the loss was not covered under the policy.

In *Wright Body Works v. Columbus Interstate Ins. Agency*, 233 Ga. 268 (210 SE2d 801) (1974), the Supreme Court recognized that an insurance agent or broker who holds himself out as an expert in the field of insurance and who undertakes to provide such expert services to an insured in addition to issuing a policy may be liable for the negligent failure to procure the required coverage. When an agent has undertaken to perform an additional service, such as determining the amount of insurance required, and the insured relies upon the agent to perform that service, the agent may be held liable for negligence in the selection of coverage even if the insured fails to examine the policy. Id. at 271; see *Ethridge v. Assoc. Mutuals*, 160 Ga. App. 687, 688-689 (288 SE2d 58) (1981). However, as we held in *Ethridge*, when the insured specifies the exact amount of insurance requested and otherwise informs the agent of the details of the coverage sought, the insured's failure to read the policy precludes recovery for negligent performance of a fiduciary duty, and the insured cannot use a contention that he sought "full coverage" "to convert what is actually a request to obtain specific insurance into an indefinite amount to be determined out of the expertise of the broker." Id. at 689.

We agree with appellant that the analysis in *Ethridge* is applicable in the case at bar. Here, appellee, through his agent, informed appellant of the exact amount of coverage sought for each of the three buildings and indicated he wanted replacement coverage for the previous policy. There is no evidence Ms. Hall, who admittedly had on several occasions procured insurance for these and other holdings, relied on appellant's expertise to appraise the properties and ascertain the proper amount of coverage or otherwise to exercise her discretion so as to relieve appellee of the duty to examine the coverage obtained for him. See id. at 689. Thus, regardless of what coverage appellee requested from appellant, he nonetheless was obligated to make an independent examination of the coverage provided.

Appellee argues that he, unlike the insured in *Ethridge*, did not receive his copy of the policy before the loss and thus had no opportunity to examine its contents; however, the *application* signed by his agent clearly indicates the type of coverage to be provided. Although

Ms. Hall testified by affidavit that she "understood the application to be for full coverage," no ambiguity exists in the language of the application, no evidence exists that either she or appellee was prevented from reading the application, and the record does not reveal anything other than an arms-length business relationship between the parties. See *Credithrift of America v. Whitley*, 190 Ga. App. 833, 834 (1) (a) (380 SE2d 489) (1989). "In the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations." (Citations and punctuation omitted.) Id. Since we find no evidence of a fiduciary relationship or other special circumstances, we hold that appellee's failure to exercise ordinary diligence in examining the application and independently verifying that he had received the coverage sought also bars his claim for fraud, see id. at 837 (1), and thus hold appellant was entitled to summary judgment. See *Ethridge*, supra at 690.

*Judgment reversed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 29, 1990 —
REHEARING DENIED JULY 23, 1990.

*Lokey & Bowden, Charles M. Lokey, K. Scott Graham*, for appellant.

*Bailey & Bearden, J. Lane Bearden*, for appellee.