A92A0057. SUNTRUST MORTGAGE, INC. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.
(416 SE2d 322)

McMurray, Presiding Judge.

Georgia Farm Bureau Mutual Insurance Company ("Georgia Farm Bureau") issued a homeowner's insurance policy to William H. Brundage and Roberta L. Brundage covering a dwelling in Valdosta, Georgia. Suntrust Mortgage, Inc. ("Suntrust") was the mortgagee-insured.

The policy provided: "**Suit Against Us**. No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." It also provided: "**Mortgage Clause**. The word 'mortgagee' includes trustee. If a mortgagee is named in this policy, any loss payable . . . will be paid to the mortgagee and you, as interests appear. . . . If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee: . . . . c. submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so.

Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee. . . ."

The dwelling was burned on February 16, 1990, and again on February 19, 1990. The first fire partially destroyed the dwelling; the second fire substantially destroyed what was left. Arson was alleged to be the cause of each fire.

On March 19, 1990, Georgia Farm Bureau notified Suntrust that the dwelling had been destroyed. Thereafter, on May 2, 1990, Georgia Farm Bureau wrote to Suntrust and requested that Suntrust furnish a proof of loss.

Georgia Farm Bureau received a proof of loss from Suntrust on June 22, 1990. Two months later, on August 22, 1990, Georgia Farm Bureau made an offer of settlement to Suntrust. The offer took the form of a letter written and sent by Georgia Farm Bureau's counsel. In the letter, Suntrust was asked to respond "immediately" to Georgia Farm Bureau's offer.

In early October 1990, Suntrust asked for and received a copy of the letter offering settlement. Subsequently, on February 14, 1991, Suntrust submitted a counterproposal to Georgia Farm Bureau's counsel. The counterproposal was received by Georgia Farm Bureau's counsel on February 16, 1991, a Saturday.

By letter dated February 20, 1991, Georgia Farm Bureau's counsel advised Suntrust that the one-year limitation provision of the insurance policy had expired. He added that he would find out what Georgia Farm Bureau intended to do with regard to Suntrust's counterproposal.

On February 27, 1991, Suntrust sent a letter to Georgia Farm Bureau's counsel seeking a settlement along the lines set forth in Georgia Farm Bureau's original proposal. Therein, Suntrust "apologize[d] for the delay," explaining that "there have been matters that had to be decided by the Veterans' Administration and we had to wait for their decision."

Via letter dated March 5, 1991, Georgia Farm Bureau's counsel informed Suntrust that Georgia Farm Bureau stood by its one-year limitation provision and denied any liability to Suntrust. In short order, Suntrust brought suit against Georgia Farm Bureau.

Following discovery, Georgia Farm Bureau moved for summary judgment. The trial court granted Georgia Farm Bureau's motion and Suntrust appeals. *Held*:

The one-year limitation period in the policy "was the only provision regarding a limitation and controlled the time within which a suit could be brought subsequent to a fire loss. Such a provision has been held valid and binding. *Darnell v. Firemen's Fund Ins. Co.*, 115 Ga. App. 367 (154 SE2d 741) (1967); *Sloan v. Continental Cas. Co.*, 131 Ga. App. 377 (205 SE2d 925) (1974); *Herring v. Middle Ga. Mut.*

*Ins. Co.*, 149 Ga. App. 585 (254 SE2d 904) (1979). Compliance with the policy provisions is a condition precedent to recovery. *Beck v. Georgia Farm &c. Ins. Co.*, 146 Ga. App. 878 (247 SE2d 548) (1978)." *Smith v. Allstate Ins. Co.*, 159 Ga. App. 743, 744 (285 SE2d 82). By the clear terms of the policy, the one-year limitation period applied equally to an insured and a mortgagee. It cannot be said, therefore, that the trial court erred in granting Georgia Farm Bureau's motion for summary judgment.

*Decatur Fed. Savings &c. Assn. v. York Ins. Co.*, 147 Ga. App. 797 (250 SE2d 524), cited by Suntrust, is inapposite. Under the terms of the policy in that case, the insurer could not insist upon the one-year limitation period unless the mortgagee was notified of the insured's failure to furnish proof of loss. Inasmuch as the mortgagee was not so notified, the one-year limitation period could not be invoked by the insurer. In the case sub judice, on the other hand, Suntrust was notified of the Brundages' failure to provide a proof of loss and it filed a proof of loss long before the limitation period set forth in the policy expired.

Relying upon *Nicholson v. Nationwide &c. Ins. Co.*, 517 FSupp. 1046 (N.D. Ga. 1981), Suntrust asserts the one-year limitation period should have been tolled until 60 days after Georgia Farm Bureau received the proof of loss because, under the terms of the policy, Georgia Farm Bureau had a minimum of 60 days after receipt of the proof of loss to pay the claim or deny coverage. This assertion is without merit. Simply put, *Nicholson* does not reflect Georgia law and we are not persuaded that it should be followed.

Finally, Suntrust argues that a question of fact exists as to whether Georgia Farm Bureau waived the one-year limitation set forth in the policy. We disagree.

We recognize that an insurer can be held to have waived a limitation period when its "investigations, negotiations, or assurances . . . up to and past the period of limitation . . . led the insured to believe the limitation would not apply." *Modern Carpet Indus. v. Factory Ins. Assn.*, 125 Ga. App. 150, 151 (186 SE2d 586). In the case sub judice, however, we find no evidence that the conduct of Georgia Farm Bureau lulled Suntrust into believing that the period of limitation would not apply. There is no evidence of continuing negotiations or of an "affirmative promise, statement or other act . . . to lead [Suntrust] into believing that [Georgia Farm Bureau] intended to enlarge on the limitation period contained in the contract. . . ." *Johnson v. Ga. Farm &c. Ins. Co.*, 141 Ga. App. 859, 861 (234 SE2d 693). On the contrary, the evidence demonstrates that Suntrust failed to respond to Georgia Farm Bureau's one and only settlement offer for reasons of its own until it was too late to bring suit. Compare *Nee v. State Farm &c. Co.*, 142 Ga. App. 744 (236 SE2d 880), in which nego-

tiations were continuous and State Farm Fire & Casualty did not deny liability until after suit was filed.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED FEBRUARY 10, 1992 —
RECONSIDERATION DENIED FEBRUARY 24, 1992 — 

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Linda S. Finley, Carol V. Clark*, for appellant.
*John T. Croley, Jr.*, for appellee.