## A94A0154. HUNT v. GREENWAY INSURANCE AGENCY.
(443 SE2d 661)

SMITH, Judge.

Clara Hunt brought suit against Greenway Insurance Agency, alleging that the agency had negligently failed to procure requested insurance coverage. The trial court granted Greenway's motion for summary judgment.

Hunt is the sole proprietor of Robins Textiles, a business making bed sheets on a contract basis from cloth supplied by customers. She contacted Greenway Insurance Agency when she moved her business from her home and rented space in an industrial park, because the landlord required that she carry liability insurance. She spoke with Susan Larsen, a customer service representative at the agency, regarding her needs. Larsen then obtained quotes from insurance carriers, and Hunt was offered coverage. She accepted the offer and came to the agency to discuss the coverage with an agent and to sign the application. Hunt had arranged with a driver to deliver finished sheets to a customer in North Carolina. The sheets were contained in a trailer attached to the driver's pickup truck, and were destroyed by fire en route. She did not receive the insurance policy until after this loss. No coverage was provided in the policy for the loss of the sheets in transit.

Hunt contends the trial court erred in granting Greenway's motion for summary judgment because a material question of fact remains whether Greenway negligently failed to provide appropriate coverage. It is true that the evidence is in conflict regarding whether Hunt informed Larsen that she would be picking up raw materials and delivering finished products to customers. Hunt testified at her deposition that she did so, while Larsen testified that she did not; that, on the contrary, Hunt told her that customers would deliver the raw materials to her and pick up the finished product.

Nevertheless, summary judgment to Greenway was proper. In general, an insured has an obligation to read and examine an insurance policy to determine whether the coverage desired has been furnished. *Greene v. Lilburn Ins. Agency*, 191 Ga. App. 829 (383 SE2d 194) (1989). Because Hunt did not receive her copy of the policy

before the loss, she could not have examined its contents. She also had an obligation, however, to read the application she signed, which both describes her business and "clearly indicates the type of coverage to be provided." *Fregeau v. Hall*, 196 Ga. App. 493, 494 (396 SE2d 241) (1990).

Hunt asserts that the application did not "clearly indicate the type of coverage provided" because the signature line of the application was on the first page, which contains no information regarding the coverages provided. However, no suggestion is made that Greenway prevented Hunt from reading the application. The application, under "general information," states that customers will bring materials to Hunt, contrary to what Hunt asserts she told Larsen.

An exception to the general rule exists when the agent has held himself out as an expert and the insured has reasonably relied on the agent's expertise to identify and procure the correct amount or type of insurance. *Greene*, supra at 830. As in *Greene*, however, the prospective insured here admitted to informing the agent of the type of insurance desired. There is no evidence that the agent had any discretion in the type of insurance procured or that the proposed insured relied on the agent to decide what type of insurance was needed. Hunt admitted, in answers to Greenway's interrogatories, that she told Larsen she "wanted workers' compensation insurance and liability insurance to cover what I would be doing." Her failure to exercise ordinary diligence in examining the application to verify that the information regarding her business was correct and that she was receiving the coverage she desired bars her recovery here. *Fregeau*, supra at 495.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 15, 1994.

*Westmoreland, Patterson & Moseley, Daryl J. Morton*, for appellant.

*Chambless, Higdon & Carson, Joseph H. Chambless, Mary M. Katz, Jon C. Wolfe, Pamela M. Richards*, for appellee.