## A94A2021. JIM ANDERSON & COMPANY v. PARTRAINING CORPORATION.

### (454 SE2d 210)

Smith, Judge.

ParTraining Corporation brought suit against its insurance agent, Jim Anderson & Company (Anderson), seeking to recover damages resulting from Anderson's alleged failure to procure requested business interruption insurance coverage. The trial court denied Anderson's motion for summary judgment but granted a certificate of immediate review. We granted this interlocutory appeal. After reviewing the entire record, we affirm the trial court's denial of Anderson's motion for summary judgment.

ParTraining produces and sells instructional materials for use by corporations in teaching business skills to their employees. Jim Georges is the founder, president, and major shareholder in ParTraining. Georges also formed a subchapter S corporation, Abilitech, Inc., which owns the building in which ParTraining operates. Georges had placed the two businesses' insurance coverages through Anderson for several years, and the coverage was reviewed and renewed on a yearly basis. Each business was covered under a separate policy, and Georges testified on his deposition that upon receiving the new policies each year it was his practice to read them. He also testified he requested business interruption coverage.

In June 1992, the building in which ParTraining operated was damaged by fire. After the loss, Georges sought advice from Anderson in regard to making a claim for the loss and learned for the first time that although Abilitech's policy provided coverage for business interruption, the policy issued to ParTraining did not. He testified that Max Clark, a supervisor at Anderson who assisted him with the claim, was as surprised as he was to learn of the omission. Anderson refused Georges' request to compensate ParTraining for the uncovered loss, and ParTraining filed this action, stating claims against Anderson for negligent failure to provide requested coverage and breach of contract. ParTraining also sought attorney fees under OCGA § 13-6-11.

1. Anderson contends it was entitled to summary judgment on the negligence claim.

"In *Wright Body Works v. Columbus Interstate Ins. Agency*, 233 Ga. 268 (210 SE2d 801) (1974), the Supreme Court recognized that under appropriate circumstances the broker or agent who held himself out as an expert in the field of insurance and who performed such expert services on behalf of an insured could be liable ex delicto for his negligence in failing to perform those services adequately. . . . The *Wright* exception will apply where the prospective insured must rely on the expertise of the agent to identify and procure the correct amount or type of insurance." (Citation and punctuation omitted.)

*Greene v. Lilburn Ins. Agency,* 191 Ga. App. 829, 830 (383 SE2d 194) (1989).

The evidence shows that an issue of material fact exists regarding whether ParTraining, through Georges, relied on Anderson to provide expertise or exercise discretion in seeking to procure business interruption coverage. Because Georges had been doing business with Anderson or its predecessor for approximately six years prior to this incident, it is apparent that Anderson was aware of the nature of Abilitech and ParTraining's business. The record shows that when Georges renewed his businesses' insurance policies each year, Anderson requested financial information so that it could determine the amounts and types of insurance needed and assess the appropriate premiums. Anderson had discretion to adjust the policies and even to change insurance policies without even informing Georges; he in fact did this on at least one occasion. Although Georges admits that he told Anderson he wanted business interruption insurance, it is unclear whether Georges did so because Anderson first recommended such coverage; it is likewise unclear whether Georges relied on Anderson's expertise to determine the appropriate amount, term, and scope of the coverage. Summary judgment was therefore inappropriate as to this issue.

2. Anderson also contends it was entitled to summary judgment on the contract claim. The general rule is that an insured has a duty to read and examine an insurance policy to determine whether the coverage requested was procured. *Greene*, supra. Under *Wright*, supra, an insured is relieved of the responsibility to examine the policy in minute detail. The duty remains, however, where an examination of the policy would have made it "readily apparent" that the coverage requested was not issued. *Wright*, supra, 233 Ga. at 271.

Georges testified that although it was his general practice to read the renewal policies when he received them, he did not make his own examination of the policy issued to ParTraining to determine whether he was covered for business interruption. Nevertheless, contrary to Anderson's argument, we agree with ParTraining that summary judgment was properly denied on this issue. The circumstances in this case are similar to those in *Atlanta Women's Club v. Washburne*, 207 Ga. App. 3 (427 SE2d 18) (1992), because a genuine issue of material fact remains as to whether omission of the requested coverage would have been "readily apparent" even had Georges read the policy carefully; the extent of the policy's coverage and the omission of business interruption coverage is not so clear as to remove this issue from jury consideration.

The policy's "coverage summary" points out that only the coverages listed are provided; the coverages listed do not include business interruption, nor is a coverage part listed for business interruption.

The "schedule of coverages" provides that "[i]n return for the payment of the premium, and subject to all the terms of this policy, insurance is provided to you . . . for the indicated coverages and for which a coverage part is attached."

Although it was misguided, Georges' belief that business interruption insurance was provided had some basis in the policy's language. Coverage for business interruption was not provided, but a section of the policy sets forth certain exclusions applicable to such coverage. Georges testified he believed ParTraining had coverage for business interruption because "why would you exclude some portion of business income unless there was something to exclude it from?"

The policy must be read as a layman would read it and not as it might be analyzed by an insurance expert. *Atlanta Women's Club*, supra, 207 Ga. App. at 5. Reading it in that manner, we find that a jury issue exists regarding whether the absence of business interruption coverage was "readily apparent." The trial court did not err in denying Anderson's motion for summary judgment on the contract claim.

3. Our holding that genuine issues of material fact remain for jury resolution necessarily also precludes summary judgment in favor of Anderson on the issue of ParTraining's entitlement to litigation expenses under OCGA § 13-6-11. Moreover, "questions concerning bad faith, stubborn litigiousness, and unnecessary trouble and expense, under OCGA § 13-6-11, are generally questions for the jury to decide. [Cits.]" *Backus Cadillac-Pontiac v. Ernest*, 195 Ga. App. 579, 581 (394 SE2d 367) (1990).

*Judgment affirmed. McMurray, P. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 20, 1995.

*Michael T. Thornton, Linda M. FitzGerald,* for appellant.
*Drew, Eckl & Farnham, H. Michael Bagley, Julie Y. John, Phillip C. Griffeth,* for appellee.

