## A00A0491. HEARD v. SEXTON et al.
### (532 SE2d 156)

McMurray, Presiding Judge.

Appellant-plaintiff Clifford Hugh Heard brought suit against his insurance agent, appellee-defendant Rupert Sexton ("defendant"), and Sexton's employer, appellee-defendant Sexton-Moore Agency, Inc.[1] ("Sexton-Moore"), seeking to recover damages for negligent failure to procure the health insurance coverage plaintiff desired. The superior court granted defendants' motion for summary judgment, and plaintiff appeals.

It is undisputed in the record that plaintiff went to defendants' offices to discuss replacing his existing health insurance coverage. Defendant reviewed plaintiff's existing health coverage and determined it to be similar to a policy available through Continental General Insurance Company ("Continental General") which capped payable lifetime benefits at $2,000,000, four times the lifetime benefits cap provided by the health insurance policy which was then in force on plaintiff. With defendant's assistance, plaintiff thereafter applied for the Continental General health insurance recommended by defendant and submitted to a physical examination. Subsequently, Continental General issued plaintiff its health policy substandard as burdened by two elimination endorsements. The first of these denied coverage to plaintiff for "loss caused by or resulting from: rheumatic heart disease and/or complication therefrom." The second endorsement (the "HLP endorsement"), applicable for 180 days after issuance, excluded coverage under the policy for "hyperlipoproteinemia[2] and/or complications therefrom." Plaintiff went to defendant after reading the policy, concerned as to the meaning and effect of the elimination endorsements, but signed the policy upon defendant's explanation of the policy based upon a telephone call to representatives of Continental General. Plaintiff later required quadruple bypass surgery and brought the instant action upon Continental General's refusal to provide coverage for plaintiff's surgery[3] as excluded under the HLP elimination endorsement issued as part of

---

[1] Plaintiff brought suit against Sexton-Moore upon the doctrine of respondeat superior.
[2] Plaintiff deposed that this condition was in the nature of "[fatty] deposit[s] in the blood . . . clogging the arteries."
[3] Plaintiff's medical bills totaled $38,000.

the health policy he had been provided by Continental General.

In a single enumeration of error, plaintiff claims that the superior court erred in granting summary judgment to defendant, arguing material issues of fact remain as to: (1) whether defendant exercised due care in procuring the health insurance which he requested, this upon the claim that plaintiff reasonably relied on defendant as an expert in the field of insurance, and (2) whether defendant negligently misrepresented the nature and extent of plaintiff's coverage. *Held*:

To the general rule requiring an insured to "read and examine an insurance policy to determine whether the coverage desired has been furnished[,] [cit.],"[4] there are two exceptions. An exception lies "when the agent has held himself out as an expert and the insured has reasonably relied on the agent's expertise to identify and procure the correct amount or type of insurance[,] [cit.],"[5] unless "an examination of the policy would have made it 'readily apparent' that the coverage requested was not issued."[6] A second exception arises where the evidence reflects a "special relationship of trust or other unusual circumstances . . . which would have prevented or excused [plaintiff] of [his duty] to exercise ordinary diligence . . ."[7] to ensure that no ambiguity existed between the requested insurance and that which was issued. Only the second exception is here applicable.

The first exception does not lie because plaintiff would not have questioned the policy issued as other than the policy he requested had it not been "readily apparent" to him that he had not been issued the insurance he requested. Accordingly, the superior court did not err in granting summary judgment to defendant on this basis.[8] We conclude, however, that the superior court erred insofar as it granted defendant summary judgment on the basis of plaintiff's negligent misrepresentation claim.

In *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*,[9] our Supreme Court established the right to recover damages under a theory of negligent misrepresentation. In the context of insurance policies, genuine issues of material fact arise on a negligent representation claim as to the scope of coverage where the evidence shows that

---

[4] *Hunt v. Greenway Ins. Agency*, 213 Ga. App. 14 (443 SE2d 661). See also *Greene v. Lilburn Ins. Agency*, 191 Ga. App. 829 (383 SE2d 194).

[5] *Hunt v. Greenway Ins. Agency*, 213 Ga. App. at 15; supra.

[6] *Jim Anderson & Co. v. ParTraining Corp.*, 216 Ga. App. 344, 345 (2) (454 SE2d 210), citing *Wright Body Works v. Columbus Interstate Ins. Agency*, 233 Ga. 268, 271 (210 SE2d 801).

[7] *Credithrift of America v. Whitley*, 190 Ga. App. 833, 837 (1) (c) (380 SE2d 489). See also *Fregeau v. Hall*, 196 Ga. App. 493, 495 (396 SE2d 241).

[8] *Jim Anderson & Co. v. ParTraining Corp.*, 216 Ga. App. at 345 (2), supra.

[9] 250 Ga. 680, 681-682 (300 SE2d 503).

an insurance agent's representation as to a proposed insurance policy would provide coverage, but the policy, in fact, does not.[10]

We conclude that jury questions exist as to plaintiff's negligent misrepresentation claim in the case sub judice. In this regard, plaintiff deposed that defendant advised him that his policy covered any illness or condition other than a rheumatic heart problem, that defendant made a notation to that effect on the rheumatic heart exclusion, and that plaintiff understood that the notation applied to the whole policy. Defendant's partner, Michael Moore, gave deposition testimony that supports the plaintiff. Moore deposed that he was present when defendant talked to plaintiff and made the notation, that it was his understanding that the notation applied to the entire policy, and that the notation indicated that plaintiff was covered by the policy unless he had a rheumatic heart condition. Moore further deposed that: "We would not have advised, nor do I think [plaintiff] would have accepted a policy if we said it's not covered for anything that's to do with your heart." In contrast, defendant deposed that the notation applied to the rheumatic heart condition alone rather than to the whole policy.

Viewing these circumstances in the light most favorable to the nonmoving party, plaintiff, the superior court's grant of summary judgment to defendant on the negligent misrepresentation issue was error.[11]

*Judgment reversed. Johnson, C. J., and Phipps, J., concur.*

DECIDED MARCH 23, 2000 —
RECONSIDERATION DENIED APRIL 12, 2000 — 

*John C. McCaffery,* for appellant.
*Goldner, Sommers, Scrudder & Bass, Glenn S. Bass, Matthew P. Lazarus,* for appellees.

---

[10] *Collins v. Life Ins. Co.,* 228 Ga. App. 301, 302-304 (2) (491 SE2d 514).
[11] *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474); *Collins v. Life Ins. Co.,* 228 Ga. App. at 302-304 (2), supra.