## A01A2388. McCOURY et al. v. ALLSTATE INSURANCE COMPANY et al.

### (561 SE2d 169)

PHIPPS, Judge.

Paul McCoury and Michael Kochie own a residence that was partly destroyed by fire in 1997. Although the cost of repairs exceeded $300,000, the policy provided only $225,000 in dwelling protection coverage and did not contain a guarantee of full coverage. As a result, McCoury and Kochie sued Allstate Insurance Company (their property/casualty insurer), Lawrence Wilson (Allstate's agent and representative) and others in 1999. They charged Allstate and Wilson with negligent failure to provide adequate coverage.

The gravamen of McCoury and Kochie's complaint is that they requested a policy guaranteeing full repair or replacement of the dwelling and that no such coverage was provided. Allstate and Wilson argue that this claim is barred by the "duty to read" doctrine, in that the insurance policy that was issued to McCoury and Kochie clearly and unambiguously states that there is no guarantee that coverage will be adequate to replace the dwelling. Allstate and Wilson also argue that this action is time-barred under a provision in the policy requiring "any suit or action" to be brought "within one year after inception of the loss or damage." The trial court granted summary judgment to defendants for unexplained reasons. We affirm as to Allstate but reverse as to Wilson.

1. Paragraph 12 of the policy, entitled "suit against us," states that "[a]ny suit or action must be brought within one year after the inception of loss or damage." The policy defines "us" as meaning the company named on the policy declarations, i.e., Allstate. The plain language of the one-year limitation provision bars the present action against Allstate (but not Wilson).

In arguing that this action is not barred, McCoury and Kochie assert that the limitation provision of the policy does not apply to actions in tort for negligent omissions in providing requested coverage. As authority, they cite *Ga. Farm &c. Ins. Co. v. Arnold*[1] and *Brown v. Mack Trucks.*[2] These cases merely recognize that one who undertakes to provide full coverage for another may be held liable for negligence in a tort action (as well as for breach of contract in an action for failure to pay benefits required by the insurance policy) if full coverage is not obtained. These cases presented no limitation of action issues.

[1] 175 Ga. App. 850 (334 SE2d 733) (1985).
[2] 111 Ga. App. 164 (141 SE2d 208) (1965).

The question of whether this action against Allstate is barred by the limitation provision in the policy presents essentially two issues: (1) Is the limitation provision applicable to the facts of this case? (2) Does the limitation provision override statutes of limitation that would otherwise be applicable?

By its terms, the provision would apply to "[a]ny suit or action" seeking recovery for "loss or damage" to property covered by the policy.[3] It is not limited to actions for breach of the policy. Clearly, it applies where, as here, policyholders bring suit against the insurer to obtain indemnification which they claim the insurance policy should have provided for damages to insured property. Although this is not an action for breach of the policy, it is certainly an action brought by the plaintiffs by virtue of their status as policyholders. This court has decided that an insurance policy provision placing a one-year limitation upon the right of the policyholder to sue the insurer is valid and enforceable even though it shortens the period allowed by statute.[4]

2. "In general, an insured has an obligation to read and examine an insurance policy to determine whether the coverage desired has been furnished. [Cit.]"[5] If an examination of the policy would have made it readily apparent that the desired coverage was not issued, the policyholders' failure to examine the policy bars recovery against the insurer or its agent for negligent failure to provide coverage.[6]

The declarations page of the policy in this case plainly states that there is "no replacement guarantee." It is true that, as argued by McCoury and Kochie, the declarations page also states that the policy is subject to certain forms and endorsements. But it does not appear that any of these other parts of the policy indicate or imply that full replacement coverage is being provided. And although McCoury and Kochie argue that a notation appearing on the declarations page indicates that the type policy being purchased by them insures the dwelling to 100 percent of replacement cost, our review of the declarations page reveals no such notation. Consequently, application of the general rule requiring an insured to read and examine an insurance policy acts as a bar to McCoury and Kochie's claim that defendants negligently failed to provide them with a policy containing a full replacement guarantee.

An exception to the general rule, however, exists "when the agent has held himself out as an expert and the insured has reasona-

---

[3] The dissent's suggestion that we are applying this provision to litigation "completely unrelated to any insurance policy containing the limiting clause" is thus off the mark.

[4] See *SunTrust Mtg. v. Ga. Farm &c. Ins. Co.*, 203 Ga. App. 40, 41 (416 SE2d 322) (1992); *Darnell v. Fireman's Fund Ins. Co.*, 115 Ga. App. 367 (154 SE2d 741) (1967).

[5] *Hunt v. Greenway Ins. Agency*, 213 Ga. App. 14 (443 SE2d 661) (1994).

[6] See *Greene v. Lilburn Ins. Agency*, 191 Ga. App. 829, 830 (383 SE2d 194) (1989).

bly relied on the agent's expertise to identify and procure the correct amount or type of insurance. [Cit.]"[7] Here, McCoury and Kochie also presented evidence showing that they relied on Wilson's expertise in determining that the policy coverage of $225,000 for protection of the dwelling was adequate. McCoury's and Kochie's duty to read the policy does not bar their claim of negligence grounded on the theory that Wilson was negligent in arriving at the $225,000 figure.

For the reasons given in Division 1, the trial court's award of summary judgment to Allstate is affirmed. For the reasons given in Division 2, the court's award of summary judgment to Wilson is reversed.

*Judgment affirmed in part and reversed in part. Blackburn, C. J., Pope, P. J., Smith, P. J., Miller and Mikell, JJ., concur. Barnes, J., concurs in part and dissents in part.*

BARNES, Judge, concurring in part and dissenting in part.

Although I concur with reversing the grant of summary judgment to defendant Wilson, I must respectfully dissent from affirming the grant of summary judgment to defendant Allstate based on the one-year condition in the Allstate insurance policy.

Although such limitation clauses have been enforced for some time in actions on policies (see, e.g., *Melson v. Phenix Ins. Co. &c.*, 97 Ga. 722 (25 SE 189) (1895)), the clause does not apply here because this is not an action on the policy. The basis for enforcing such clauses is that parties to a contract may "agree among themselves upon a period of time which would amount to a statute of limitations, either greater or less than the period fixed by the law." *Massachusetts Benefit Life Assn. v. Robinson*, 104 Ga. 256, 272 (1) (30 SE 918) (1898). This holding was based on our Supreme Court's earlier decision in *Brown v. Savannah Mut. Ins. Co.*, 24 Ga. 97, 101 (2) (1858), holding that

> [t]he rule is that a condition in a contract which is either *mala prohibita* or *mala per se* is void, and can not be enforced. If it do [sic] not contravene public policy it is good. No principle of public policy is violated by a condition in a policy of insurance, that the injured party shall sue within six months from the time of the loss or lose his remedy. There is no reason why a party may not enter into a covenant, that for an alleged breach of contract, the injured party shall sue within a period less than that fixed by the statute of limitations as a bar.

---

[7] *Hunt v. Greenway Ins. Agency*, supra at 15.

Such limitations, however, are conditions in the policy. *SunTrust Mtg. v. Ga. Farm &c. Ins. Co.*, 203 Ga. App. 40, 42 (416 SE2d 322) (1992); *Gen. Elec. Credit Corp. v. Home Indem. Co.*, 168 Ga. App. 344, 347 (309 SE2d 152) (1983).

Indeed, the limitation provision in this policy is in Paragraph 12, **Suits against Us**, under Section I, Conditions: "No suit or action may be brought against **us** unless there has been full compliance with all policy terms. Any suit or action must be brought within one year after the inception of the loss or damages." Accordingly, this one-year period is a condition to recovery on the policy, and not a general limitation period. The result is that McCoury and Kochie have agreed that a condition to any suit on the policy is bringing the action within one year after the inception of the loss. Nothing in the policy, however, states that the condition applies to any and all actions they might bring against Allstate. Therefore, no basis exists for applying the condition to actions not based on the policy. It is one thing to apply a condition to actions based on the contract in which the condition is contained; it is a far different matter to apply a condition in a single contract to other dealings between the parties which are not based on the contract.

Here, McCoury and Kochie's complaint alleges that Allstate and Wilson are liable because of their negligent failure to provide coverages requested.

> In *Wright Body Works v. Columbus Interstate Ins. Agency*, 233 Ga. 268 (210 SE2d 801) (1974), the Supreme Court recognized that an insurance agent or broker who holds himself out as an expert in the field of insurance and who undertakes to provide such expert services to an insured in addition to issuing a policy may be liable for the negligent failure to procure the required coverage.

*Fregeau v. Hall*, 196 Ga. App. 493, 494 (396 SE2d 241) (1990). Such actions are based on negligence, not contract, and exist irrespective of contractual duty. See *Brown v. Mack Trucks*, 111 Ga. App. 164, 165-166 (141 SE2d 208) (1965). Consequently, none of the conditions in the policy apply to this action based on negligence.

Moreover, Allstate's liability is not based on the contract because Wilson was an Allstate employee and agent under its supervision and control. Thus, Wilson's negligence, if any, in failing to procure the necessary coverage could be imputed to Allstate under the doctrine of respondeat superior. See *Ga. Farm &c. Ins. Co. v. Arnold*, 175 Ga. App. 850, 851 (1) (334 SE2d 733) (1985).

Under these circumstances, I would reverse the grant of summary judgment to Allstate.

Additionally, if the majority is correct on this point, then any of Allstate's many policyholders would be obligated to bring any suits against Allstate within one year of the incident giving rise to the action and would be obligated to satisfy any of the other conditions in their policies, even though the litigation is completely unrelated to any insurance policy containing the limiting clause. In my opinion, such a result is contrary to our law, and any provision attempting to achieve that result would be contrary to the public policy of this State.

Accordingly, even though I concur with reversing the grant of summary judgment to defendant Wilson, I must respectfully dissent from affirming the grant of summary judgment to defendant Allstate Insurance Company.

DECIDED FEBRUARY 22, 2002.

*Bennett & Associates, Andrea R. Bennett, Swift, Currie, McGhee & Hiers, Michael T. Bennett*, for appellants.

*Webb, Zschunke, Miller & Dikeman, Edward A. Miller*, for appellees.

