[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11387
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00122-LGW-GRS

A+ RESTORATIONS, INC.,

Plaintiff - Appellant,

versus

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 23, 2017)

Before JORDAN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

A+ Restorations, Inc. (A Plus) brought suit against Liberty Mutual Fire Insurance Company (Liberty) for denial of coverage under an insurance policy issued by Liberty to a customer of A Plus.  Liberty moved for dismissal or, in the alternative, for judgment on the pleadings.  The district court determined the action was barred by a suit-limitation provision in the applicable insurance policy and granted Liberty's motion.  A Plus appealed, and after review,[1] we affirm.

## I. BACKGROUND

This lawsuit arises out of a homeowners insurance policy (the Policy) issued by Liberty to Larry and Nancy Mitchell of Savannah, Georgia.  On or about March 7, 2014, the Mitchells discovered that raccoons had taken up residence in the attic and crawl space of their Savannah home.  The unwelcome animals caused extensive damage to the premises.  Accordingly, the Mitchells entered into a contract with A Plus to remedy the situation.  In exchange for repair and restoration work on the home, the Mitchells assigned A Plus certain rights under the Policy, including the right to collect benefits for the services performed by A Plus directly from the insurer, as well as "all rights to proceed against the insurance company obligated to provide such benefits, including, but not limited to, initiating legal suit to enforce such payments."

---

[1] We apply the same de novo review to a judgment on the pleadings as we do to a dismissal for failure to state a claim. *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010).

Once the work was completed, A Plus tendered invoices to Liberty for the materials and services provided on the project. Liberty remitted a portion of the claim, but refused to reimburse A Plus for the full amount, leaving $98,794.79 unpaid. In August 2014, A Plus submitted to Liberty a final demand seeking payment of the full amount, but Liberty declined. On April 20, 2016, nearly two years later, A Plus filed a complaint against Liberty in state court, asserting breach of contract. A Plus included a count for *quantum meruit* and unjust enrichment in the complaint.

Liberty removed the case to the Southern District of Georgia and immediately moved for dismissal or in the alternative for judgment on the pleadings. The court initially denied the motion because neither party had presented the assignment contract to the court. Liberty renewed its motion and attached the assignment. The district court granted the renewed motion because the Policy contained a suit-limitation provision. The provision read as follows:

> **Suits Against Us.** No action can be brought unless the policy provisions have been fully complied with and the action is started within two years after the date of loss.

The court determined the suit-limitation clause applied to the right to sue assigned by the Mitchells to A Plus. Since A Plus failed to file its complaint within two years of the loss under the policy, it was barred. The district court determined A Plus's *quantum meruit* and unjust enrichment claims were barred under the

3

provision as well.  It entered judgment in favor of Liberty, and A Plus now appeals.

## II. DISCUSSION

A Plus contends the suit-limitation provision found in the policy did not apply to it because the assignment was limited.  Specifically, the assignment contained a provision that stated, in bold, capitalized letters, that the agreement was "not intended to assign rights beyond that necessary to collect, or enforce collection, of the charges for services rendered by [A Plus] and is not an assignment of, nor an attempt to assign the insurance policy itself."  Thus, the Mitchells assigned only the right to sue, but not the suit-limitation provision found in the Policy.  A Plus asserts that the six-year limitation period for breach of contract actions provided under Georgia law prevails instead, and thus its claim is still viable.  *See* O.C.G.A. § 9-3-24.

We reject A Plus's argument.   When it accepted the Mitchells' assignment in exchange for its services, A Plus received the right to "stand[ ] in the shoes" of the Mitchells under the policy.  *See S. Telecom, Inc. v. TW Telecom of Ga. L.P.*, 741 S.E.2d 234, 237 (Ga. Ct. App. 2013) (quotation omitted).  As the Mitchells' assignee, A Plus could "obtain[ ] no greater rights than the [Mitchells] possessed at the time of the assignment."  *Id.*  It is abundantly clear that the Mitchells' right to sue Liberty under the policy was contractually limited by the suit-limitation

4

provision.  By deduction, the right of A Plus to sue, assigned to it by the Mitchells, was limited as well.

Next, A Plus asserts that even if the two-year limitation period applies, A Plus filed its complaint within the prescribed period.  That is, the two-year limit did not begin to run when the Mitchells discovered the raccoon damage in March 2014, but rather at the time Liberty finally refused A Plus's demand for payment in August 2014.  However, this strained reading of the Policy proves too much.  "Like any other contract, an insurance policy must be construed according to its plain language and express terms."  *Georgia Farm Bureau Mut. Ins. Co. v. Kephart*, 439 S.E.2d 682, 683 (Ga. Ct. App. 1993).  Though "loss" is not defined in the Policy, it clearly does not mean "the refusal of the insurer to pay a claim," as A Plus essentially argues.  Rather, a fair reading of the Policy (and common sense) makes clear that a "loss" is an adverse event for which coverage is available—i.e., bodily injury, property damage, in some cases theft.  In other words, "loss" takes on its ordinary meaning here.  *See W. Pac. Mut. Ins. Co. v. Davies*, 601 S.E.2d 363, 367 (Ga. Ct. App. 2004) ("In construing a contract of insurance to ascertain the intent of the parties, the court should give a term or phrase in the contract its ordinary meaning or common signification as defined by dictionaries, because they supply the plain, ordinary, and popular sense unless the words are terms of art."); *Loss*, Black's Law Dictionary (10th ed. 2014) ("The amount of financial detriment

5

caused by an insured person's death or an insured property's damage, for which the insurer becomes liable."); *Loss*, Merriam-Webster's Third International Dictionary, Unabridged, http://unabridged.merriam-webster.com/unabridged/loss (last visited Sept. 13, 2017) ("[T]he amount of an insured's financial detriment due to the occurrence of a stipulated contingent event (as death, injury, destruction, or damage) in such a manner as to charge the insurer with a liability under the terms of the policy.").  In this case, the date of the loss was—at the latest—March 2014, when the Mitchells discovered the damage to their attic and crawlspace. *See Thornton v. Ga. Farm Bureau Mut. Ins. Co.*, 695 S.E.2d 642, 643–44 (Ga. 2010) (holding that a suit under a policy with a provision similar to the one in this case was barred because the limitations period began to run on the date the loss occurred, rather than on the date the insurer's investigation window expired). A Plus waited until April 2016 to file its complaint.  It is thus contractually barred from bringing the suit. *See Suntrust Mortg., Inc. v. Ga. Farm Bureau Mut. Ins. Co.*, 416 S.E.2d 322, 323 (Ga. Ct. App. 1992) (noting that Georgia courts have held that suit-limitation provisions are binding).

Lastly, A Plus submits that its equitable claims are unaffected by the suit-limitation period and should proceed because its work unjustly enriched Liberty without regard to the Policy or the assignment.  We reject this argument as well. The suit-limitation provision bars any "action;" it is not by its terms limited to suits

6

at law.  *See McCoury v. Allstate Ins. Co.*, 561 S.E.2d 169, 171 (Ga. Ct. App. 2002) (holding that a suit-limitation provision barred action for negligent failure to provide adequate coverage because "[a]lthough this is not an action for breach of the policy, it is certainly an action brought by the plaintiffs by virtue of their status as policyholders").  It thus encompasses A Plus's *quantum meruit* and unjust enrichment count.

### III. CONCLUSION

For the foregoing reasons, the district court did not err in finding that A Plus's claims were time barred.  Accordingly, we affirm.

**AFFIRMED.**