## A89A1651. TRAVELERS INSURANCE COMPANY v. PROGRESSIVE PREFERRED INSURANCE COMPANY.

(389 SE2d 370)

BIRDSONG, Judge.

Kathryn Ann Wallis, an unlicensed driver, was operating her mother Hilda Wallis' vehicle, when she collided with a vehicle driven by Sheila McDonnell. Hilda Wallis is an insured of Progressive Preferred Insurance Company (Progressive), under a policy containing an "unlicensed driver exclusion." Sheila McDonnell maintains uninsured motorist coverage with The Travelers Insurance Company (Travelers). This declaratory action was filed by Travelers against Progressive to have declared unenforceable the unlicensed driver exclusion in Progressive's policy coverage of Hilda Wallis, pursuant to the principles laid out in *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136).

Travelers appeals the declaratory judgment upholding the unlicensed driver exclusion in Progressive's insurance contract. *Held*:

In *Neese*, the Supreme Court held unenforceable, as a matter of public policy, an insurance provision excluding coverage while an insured is "attempting to avoid apprehension or arrest." The court analyzed the issue according to the public's competing identifiable interests in the matter, which the court calculated in that case as being "at least threefold: (1) as insureds, to limit the insurer's risks and thereby keep automobile insurance premiums as low as possible; (2) as members of the public in general to improve safety on the highways; and (3) as accident victims, to have access to insurance funds to satisfy their judgments." Id. at p. 341.

Without belaboring the matter, we find it obvious, even self-evident, that the first two named criteria justify upholding the unlicensed driver's exclusion in Progressive's coverage of Hilda Wallis. There can be no genuine dispute that the discouragement of insureds against allowing unlicensed drivers to operate insured vehicles both limits the insurer's risks and thereby keeps premiums low, and improves safety on the highways.

The third criterion is the one at issue in this case. Travelers contends the trial court should have analyzed the question of the victim's access to insurance funds as it affects the general public, rather than how it applies to the particular victim. Travelers argues that while the victim in this case may have access to uninsured motorist insurance coverage, that will not always be the case.

We cannot follow Travelers' analysis in this case, for, absent specific legislation on the matter, the public's third identifiable interest as described in *Neese* cannot be separated from an inquiry as to whether a particular victim has access to insurance funds.

In distilling the identifiable public interests in these matters to a

list of three, the court in *Neese* first considered, at the threshold, the competing interests of "(1) the insurance company, (2) its insureds, (3) the public, *and those members of the public directly involved here*, (4) the insured's passengers and (5) *the estate and widow of the deceased driver of the other vehicle.*" (Emphasis supplied.) Id. p. 340. In identifying the three "*interests of the public*," the Supreme Court obviously meant to include the victim in the individual case in an analysis of the criterion "as to accident victims, to have access to insurance funds to satisfy their judgments." Id. at 341.

The Supreme Court in *Neese* specifically left "to a proper case the question of whether the existence of uninsured motorist coverage would affect the outcome in such a case." Id. fn. 13. This is such a proper case. We conclude that since the victim clearly has access to such other funds, we cannot justify a ruling making Progressive liable for coverage of this unlicensed driver's acts by voiding its unlicensed driver exclusion. For one thing, the clearly beneficent public policy favoring an unlicensed driver exclusion in general is so strong that it would be injudicious to void it in a case where its enforcement does not remove all access to insurance funds from the victim.

This conclusion is narrowly drawn. We leave to a proper case the specific determination whether the *lack* of accessibility to other insurance funds by a particular victim should justify invalidating an unlicensed driver exclusion.

We see no difficulty to future cases in examining this case on its own facts, for the Supreme Court did the same in *Neese* (p. 341) in specifically noting that "[i]n [holding the exclusion in that case to be unenforceable by 'viewing this unnecessary accident from the standpoint of the deceased driver of the other vehicle involved'], we are aware that [the deceased] had no automobile insurance."

As for the relative positions of the two insurers involved, this decision in potential benefits both. Travelers has been paid a premium and accepted the risk of coverage of McDonnell in a collision with an uninsured motorist. Under Progressive's policy, Kathryn Ann Wallis was clearly an *uninsured motorist*. A ruling in favor of Travelers on this point, i.e., finding her to be "insured" despite the fact that she was an unlicensed driver, would, we are certain, be attacked by Travelers in the very next case where its own unlicensed driver exclusion is brought in question.

We see no reason in logic or public policy to call this exclusion unenforceable and the trial court did not err in finding likewise.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

866

*R. Chris Irwin & Associates, David L. Whitman*, for appellant.
*Bonnie C. Oliver, E. Wycliffe Orr*, for appellee.