A90A1410. ALEWINE v. HORACE MANN INSURANCE COMPANY.
(398 SE2d 756)

BEASLEY, Judge.

David G. Barnes and Linzy Barnes filed identical tort actions against James G. Alewine, whose cow had escaped from its fenced enclosure on his property and collided with a car driven by David Barnes in which Linzy Barnes was a passenger.

Alewine sought coverage under his homeowner's insurance policy with Horace Mann Insurance Company. Insurer sought a declaratory

judgment to obtain a determination of its obligations under the insurance policy. A stay of the underlying tort claims was ordered pursuant to the consent of all parties.

Insurer denied liability, relying upon the language of the insurance contract, which excludes personal liability and medical payments to others "resulting from activities in connection with an insured's business, except as provided under incidental liability and medical payments coverages." The incidental liability and medical payments coverages also excludes liability resulting from "activities in connection with an insured's business." The policy defines business as "a trade, profession, or other occupation including farming, all whether full or part-time. . . ."

Alewine asserts that the incidental business coverages exception to the business activity exclusion under the policy, which covers "activities in conjunction with business pursuits which are ordinarily considered non-business in nature," applies because an escaping cow is non-business in nature. No definition accompanies the term "non-business in nature." Alewine further relies upon the fact that insurer's agent visited his home and observed his cows as proof of insurer's intention to be bound by the terms of the insurance contract.

The trial court ultimately granted summary judgment in favor of insurer, stating the material undisputed facts, the applicable law, and its conclusions. This is most helpful and instructive. See *Lewis v. Rickenbaker*, 174 Ga. App. 371, 372 (1) (330 SE2d 140) (1985); Moore's Fed. Practice, Vol. 6, Part 2, Par. 56.15 [7], p. 56-339. The trial court correctly decided that insurer was entitled to summary judgment.

Considering all evidence in the light most favorable to defendant, the party opposing the motion, *Brakebill v. Hicks*, 259 Ga. 849 (388 SE2d 695) (1990), no material question of fact was presented.

If the language is ambiguous, an insurance policy will be construed against the party preparing it and in favor of coverage. *Rossville Fed. Savings &c. Assn. v. Ins. Co. of North America*, 121 Ga. App. 435, 438 (2b) (174 SE2d 204) (1970). On the other hand, when the language is clear, an insurance policy is interpreted according to its plain language and express terms, just as any other contract. *Georgia Farm Bureau Mut. Ins. Co. v. Fire &c. Ins. Co.*, 180 Ga. App. 777, 778 (350 SE2d 325) (1986). Once the language of the contract has been properly interpreted, the parties are bound by its terms. Id.

Alewine's homeowner's insurance policy excludes personal liability and medical payments to others which result from activities relating to his business. The policy definition of business explicitly includes farming. "Farming" includes raising, buying and selling cattle. Webster's 9th New Collegiate Dictionary. The exclusion of personal liability and medical payments to others resulting from the business

of farming is reasonable, and coverage under this policy cannot be extended beyond its plain terms. *Salmon v. Commercial Union Ins. Co.*, 154 Ga. App. 8 (267 SE2d 273) (1980).

Alewine concedes that keeping cows fenced is an activity related to the business of cattle farming. It naturally follows that an escaping cow is an activity incident to normal farming activities. The cases holding a certain activity to come within the exception providing coverage for business pursuits that are normally considered "non-business in nature" are factually distinguishable from Alewine's case. Providing heat for a home in which a baby-sitter keeps children is clearly "non-business in nature," in that the home would be heated whether or not baby-sitting activities were pursued. *Nationwide Mut. Fire Ins. Co. v. Collins*, 136 Ga. App. 671 (222 SE2d 828) (1975). But a prime purpose for providing and maintaining fences on a cattle farm is to prevent cows from escaping.

Insurer met its burden of proving that the facts fall squarely within the liability exception for activities related to the insured's business.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 18, 1990 —
REHEARING DISMISSED NOVEMBER 6, 1990.

*McClure, Ramsay & Dickerson, John A. Dickerson, Martha B. Sikes*, for appellant.

*Carey, Deal, Jarrard & Walker, Christopher J. Walker III, James C. Weidner*, for appellee.

