A95A2729. WILLIAMS v. FALLAIZE INSURANCE AGENCY, INC. et al.
(469 SE2d 752)

RUFFIN, Judge.
Ellen Williams d/b/a Fine Gold ("Williams") sued Fallaize Insur-

ance Agency, Inc. ("Fallaize") and Lloyds Underwriters ("Lloyds") after she sustained a loss of approximately $13,000 for which Lloyds denied insurance coverage. She appeals the summary judgments granted to both Fallaize and Lloyds. For reasons which follow, we affirm.

On summary judgment, we must construe the evidence and all reasonable inferences and conclusions in favor of the non-movant, Williams. *Medley v. Boomershine Pontiac &c.*, 214 Ga. App. 795, 798 (4) (449 SE2d 128) (1994). Viewed in that light, the evidence shows that on December 3, 1990, Williams purchased through Fallaize an insurance contract underwritten by Lloyds. The policy provided insurance for Williams' jewelry business and contained an exclusion for an unattended vehicle. About one year later, Williams renewed her initial policy, and the renewed policy was identical in all material respects. Both the original policy and the renewed policy contained the same exclusion for unattended vehicles which provided: "This policy does not insure loss of or damage to property: 3) in or upon any automobile or any other vehicle unless at the time the loss or damage occurs there is actually in or upon the vehicle, the Assured, or a person whose sole duty it is to attend the vehicle."

On June 11, 1992, approximately six months after Williams renewed the policy, she suffered a loss when someone stole jewelry out of her car. At the time the jewelry was stolen, Williams was inside a store, delivering jewelry to a customer and at least 25 feet away from her car. The record shows that while Williams was inside the store, someone smashed her car window, punctured the tires, released the trunk, stole a briefcase containing jewelry worth approximately $13,000 from the trunk and fled the scene. Williams admitted that she was not watching her vehicle at all times because she was busy transacting business. She further admitted that she did not actually see anyone break her car window, open her trunk, and take the jewelry. Lloyds, relying on the policy's exclusion for unattended vehicles, denied coverage.

1. Williams contends that the trial court erroneously granted summary judgment to Fallaize on her negligent misrepresentation claim. She alleged that on at least two different occasions she requested that Fallaize find insurance which would cover an unattended vehicle, and that Fallaize falsely represented to her that the coverage was unavailable. Williams argues that because she relied on Fallaize's misrepresentation, she did not attempt to obtain coverage from another agency and suffered an unnecessary loss. Williams points out that after the loss at issue here, she obtained the desired coverage through another insurance agency.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of ma-

terial fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. . . . See, e.g., *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85) (1981). . . . If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." (Emphasis in original.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

At the outset we note that Williams is not claiming that Fallaize failed to procure coverage, but rather that Fallaize told her no such coverage was available.

In *Robert & Co. Assocs. v. Rhodes-Haverty Partnership*, 250 Ga. 680 (300 SE2d 503) (1983), our Supreme Court adopted the Restatement of Torts 2d rule on negligent misrepresentation. Under this rule, "[o]ne who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information. [Cit.]" (Punctuation omitted.) *Robert & Co. Assocs.*, supra at 681, n. 1. "In order to survive a motion for summary judgment, [Williams] must show some evidence as to each element. [Cit.] In order to prove the element of justifiable reliance, [Williams] must show that [she] exercised [her] duty of due diligence. [Cit.]" *Hanlon v. Thornton*, 218 Ga. App. 500, 501 (1) (462 SE2d 154) (1995). Thus, assuming, without deciding, that an employee of Fallaize misinformed Williams that unattended vehicle coverage was unavailable, Williams still must show that she exercised due diligence in relying on the information.

In support of its motion, Fallaize offered evidence that Williams admitted that she never did anything to remove the exclusion, and that she had little difficulty obtaining the unattended vehicle coverage after she shopped for it elsewhere. In addition, the record shows that Williams' Lloyds' policy contained a page titled "ADDITIONAL COVERAGES." That page contained a section titled, "UNATTENDED VEHICLES" with sections to be completed for: NAME OF SALESMAN ("none" typed in space); DETAILS OF AUTOMOBILE (section left blank); PROTECTION (section left blank); AMOUNT

TO BE INSURED (section left blank)." This portion of Williams' Lloyds' policy indicates that coverage for an unattended vehicle was available somewhere in the insurance marketplace and upon reading her policy, Williams should have inquired further. Furthermore, even without such language alerting Williams to the availability of coverage, she should have exercised due diligence by shopping the marketplace as she did after her loss. Thus, inasmuch as the record reflects a failure by Williams to exercise due diligence, Fallaize has pierced the pleadings and shown the absence of evidence of Williams' justifiable reliance thereby negating an essential element of Williams' prima facie case of negligent misrepresentation. Williams has produced no evidence in response showing her reliance was justifiable. Accordingly, the trial court did not err in granting summary judgment to Fallaize. See, e.g., *Newton*, supra at 437.

2. Williams contends the trial court erred in granting summary judgment to Lloyds because the terms of the unattended vehicle exclusion are ambiguous and subject to more than one interpretation in that the policy fails to define "actually in or upon the vehicle" or "attend the vehicle." Williams claims there is a jury question as to whether she was "actually in or upon" the vehicle at the time of the loss.

When the language in an insurance policy is clear, an insurance policy is interpreted according to its plain language and express terms, just like any other contract. *Alewine v. Horace Mann Ins. Co.*, 197 Ga. App. 479, 480 (398 SE2d 756) (1990). Although Williams contends the exclusion is ambiguous, a word or phrase is ambiguous only when " ' "it is of uncertain meaning and may be fairly understood in more ways than one." (Cit.)' " *Kusuma v. Metametrix*, 191 Ga. App. 255, 256 (2) (381 SE2d 322) (1989). And, although ambiguous exclusions may be construed liberally in favor of the insured and strictly construed against the insurer, this cannot be done when the exclusion is clear and unequivocal. *United Svcs. Auto. Assn. v. Lail*, 192 Ga. App. 487, 489 (385 SE2d 424) (1989). Because the words in this contract are plain and obvious, they must be given their literal meaning.

Thus, Williams' contention that she was "in or upon" and attending her vehicle within the meaning of her policy is without merit. Although Williams claims that she attempted to keep a watchful eye on the vehicle, she acknowledged that she was unable to do so at all times. Her own testimony indicated that: she did not watch her vehicle at all times; she was away from her vehicle by at least 25 feet and inside a store when the loss occurred; she was distracted as she transacted a sale with a customer; and she failed to notice the break-in as it occurred. Based on the plain language of the contract and construing the ordinary meaning of its words, it is apparent that at the time of loss, Williams was neither "actually in" nor "upon" her vehicle.

3. Finally, we address Williams' contention that Lloyds is estopped from asserting the unattended vehicle exclusion because Lloyds failed to provide her with a policy within a reasonable period of time of its issuance as required by OCGA § 33-24-14.

Even assuming that Williams did not receive a copy of the renewal policy until after the loss occurred, Lloyds is not estopped from relying on the exclusion to deny coverage. When an insurance company fails to mail or deliver the insurance policy to the insured within a reasonable amount of time after its issuance, the insurance company may still rely on exclusions contained in the policy of which "the insured otherwise had notice. . . ." *Investors Nat. Life Ins. Co. v. Norsworthy*, 160 Ga. App. 340, 341 (287 SE2d 66) (1981). Because the record clearly shows that Williams had prior notice of the exclusion, Lloyds could rely on it in denying coverage. Accordingly, the trial court properly granted summary judgment in Lloyds' favor.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 29, 1996.

Goldner, Sommers, Scrudder & Bass, Stephen L. Goldner, William W. Horlock, Jr., for appellant.

Mozley, Finlayson & Loggins, Wayne D. Taylor, Lawrence B. Domenico, Michael T. Thornton, for appellees.