## A97A0095. SOUTHEASTERN SECURITY INSURANCE COMPANY v. EMPIRE BANKING COMPANY.
### (498 SE2d 282)

SMITH, Judge.

Empire Banking Company, the lienholder listed on a policy of insurance issued by Southeastern Security Insurance Company covering a Toyota truck owned by Valerie Stalvey, brought suit against Southeastern to recover under the policy's collision coverage. We granted Southeastern's application for interlocutory appeal from the trial court's order denying its motion for summary judgment and granting that of Empire. Later, however, we dismissed the appeal as improvidently granted, having concluded that direct appeal could have been taken because of the grant of summary judgment to Empire. The appeal now returns to this Court after reversal of that dismissal by the Supreme Court. *Southeastern Security Ins. Co. v. Empire Banking Co.*, 268 Ga. 450 (490 SE2d 372) (1997). We now consider the appeal on its merits.

Empire's suit was filed when its collision coverage claim was denied by Southeastern. The denial was based on the ground that no coverage existed because it was undisputed that Timothy Corbitt was operating the truck with Stalvey's permission at the time of the collision in issue and that Stalvey knew Corbitt did not have a valid driver's license. Southeastern took the position that this conduct on the part of the insured barred coverage under a policy exclusion.

The language relied upon by Southeastern is as follows: "Coverage does not apply to loss . . . while your insured car is driven, operated or used with your permission by a person whom [sic] you know . . . does not have a valid driver's license." The trial court's order does not provide the basis for the ruling below. We therefore must decide if the trial court's ruling was right for any reason. *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991).

1. Southeastern contends the trial court erred in granting summary judgment to Empire because it is clear that this exclusion bars coverage under the facts of this case. We agree.

The undisputed facts show that Corbitt's license had been suspended following his conviction of a second DUI and that it remained suspended at the time of the collision. Stalvey was aware that Corbitt had no valid driver's license, but she nevertheless gave Corbitt permission to drive her truck. Unlike the language of the exclusion in *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712 (470 SE2d 659) (1996), this exclusion is unambiguous. In *Hurst* the Supreme Court construed an exclusion barring coverage to any person operating a vehicle "without a reasonable belief that person is entitled to do so." Overruling earlier decisions to the contrary, the Supreme Court held that such a clause is ambiguous because it requires analysis of the reason-

able belief of the driver, which could focus on the driver's permission from the owner of the car but could also focus on permission from the State in the form of a valid driver's license. Because the language was ambiguous, the Supreme Court construed it in favor of the insured, holding that it excludes from coverage only non-owner drivers without a reasonable belief they were operating the vehicle with the permission of the owner. Id. at 716-717 (4).

In *Hurst*, the Supreme Court noted specifically that "[t]here is no question that an insurer has a right to restrict the operation of vehicles insured by it to persons legally qualified to operate an automobile. [Cit.] All semblance of ambiguity is removed by an exclusion relieving the insurer from liability should the vehicle be driven in violation of any law as to drivers' licenses. [Cit.]" Id. at 717 (5). It is therefore clear that the exclusion in issue here is unambiguous and that it barred coverage.

Empire argues that the exclusion is nevertheless ambiguous because the placement of the "Exclusions" section (including the unlicensed driver exclusion) within Part III of the policy makes it unclear whether these exclusions apply to all coverages in Part III, including collision coverage, or only to the coverages immediately preceding the exclusions. But this construction is strained and unreasonable. Moreover, the "Index of Policy Provisions" and the overall organization of the policy show clearly that the exclusions section in issue applies to all three types of coverage available in Part III, including collision.

2. We also agree with Southeastern that the exclusion in issue was not void as against public policy, as urged by Empire. In *Travelers Ins. Co. v. Progressive Preferred Ins. Co.*, 193 Ga. App. 864 (389 SE2d 370) (1989), the "unlicensed driver exclusion" was found not to violate public policy when the victims of the unlicensed driver had access to other insurance funds. Id. at 865. See also *Hurst*, supra at 717 (5). But *Travelers* involved *liability* insurance and the rationale for that holding was the protection of innocent third parties. This case addresses only the applicability of such an exclusion to *collision* insurance. Even though Empire was not a party to the insurance contract, it was not a stranger to Stalvey. The lack of evidence showing that other insurance funds were available to Empire is immaterial here. If Empire had concerns about Stalvey's collision coverage, it had the option of requiring her to present the policy for examination.

3. We agree with Southeastern that even if neither Empire nor Stalvey received a copy of the policy prior to the collision, they are bound by the exclusion. A party may be bound by the terms of a policy even when not having physical possession of it. *Brown v. Mack Trucks*, 111 Ga. App. 164, 165 (141 SE2d 208) (1965). The general rule is that insureds are chargeable with knowledge of the contents

of their policies. *Fowler v. Prudential Prop. &c. Co.*, 214 Ga. App. 766, 767 (449 SE2d 157) (1994). Empire alleged the existence of the policy and is chargeable with knowledge of its contents. *Brown*, supra. "Insured persons under an insurance policy are presumed to know its conditions if they intend to rely upon its benefits, or else they must find out those conditions." *Cotton States Mut. Ins. Co. v. Hipps*, 224 Ga. App. 756, 757 (481 SE2d 876) (1997).

That is particularly true when, as in this case, the policy in issue is a renewal policy. *Ga. Farm Bureau Mut. Ins. Co. v. Owens*, 178 Ga. App. 446 (343 SE2d 699) (1986) (when policy had been renewed every year, insured had notice of existence of actual policy and non-receipt or non-possession would not excuse failure to comply with operative terms). But see *Investor's Nat. Life Ins. Co. v. Norsworthy*, 160 Ga. App. 340 (287 SE2d 66) (1981) (when policy is one of group insurance, master policy may contain exclusions not referenced in insured's certificate so that certificate notifying insured it does not contain entire agreement must be delivered to insured).

Moreover, although no evidence was presented by Southeastern as to actual mailing, the application signed by Stalvey included a notice warning her that "[f]ailure to list *all* operators and household members may, at the company's option, void this policy." Although Stalvey testified she did not know Corbitt when she signed this application, she was on notice that all drivers must be identified to the insurance company or her coverage could be voided.

We find no basis on which the trial court's ruling may be supported. The exclusion was valid, and it barred coverage. The grant of summary judgment to Empire and the denial of Southeastern's motion for summary judgment must be reversed.

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 24, 1998.

*Brennan, Harris & Rominger, Mason White*, for appellant.
*Berrien L. Sutton*, for appellee.