A02A1161. ANDERSON v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY et al.
(566 SE2d 342)

PHIPPS, Judge.

Lyle Vincent Anderson, proceeding pro se, sued Georgia Farm Bureau Mutual Insurance Company (GFB) and four of its agents, alleging that they had failed to issue him fire insurance coverage that he had requested and should have received. The trial court granted summary judgment to defendants, and Anderson appeals. We affirm.

The record shows that Anderson contacted GFB for a quote on fire insurance on a dwelling he was building in Ellijay. After appraising the dwelling, agent Branch offered to issue Anderson a policy that would insure the dwelling for a maximum of $45,000. Anderson asked for coverage for his personal property inside the dwelling, but Branch told him such coverage would not be available until construction on the dwelling was complete. Anderson also asked Branch to appraise the dwelling at a higher value, but Branch did not do so. Anderson accepted the policy with a $45,000 limit and no personal property coverage, and he paid the premium.

Shortly after the policy was issued, the dwelling and all personal property inside were destroyed by fire. GFB paid Anderson the policy limit of $45,000, plus $4,250 for damages to the surrounding landscape and to a camper that was on the property.

Anderson claims that, contrary to representations by agent Branch, he could have obtained coverage from GFB for his personal property, as well as a limitation of liability in excess of $45,000. He also sought damages for living expenses he incurred after the fire, bad faith, and various consequential damages. Defendants filed a

---

motion for partial summary judgment on Anderson's claims for living expenses and damages to his personal property, and a second motion for partial summary judgment on his claims for consequential damages and loss to the dwelling in excess of the $45,000 policy limit. The trial court granted both motions.

1. Citing our decision in *Ga. Farm &c. Ins. Co. v. Arnold*,[1] Anderson argues that defendants are liable in tort for failing to provide him with the personal property and extra dwelling coverage he requested. In *Arnold*, three joint owners of a dwelling destroyed by fire sued GFB after it claimed that the insurance policy on the building applied only to one owner's one-third interest. The owners claimed that GFB's agent had undertaken to insure the interests of all three, but had failed to do so. Relying on the principle that "[w]here one undertakes to procure insurance for another and is guilty of negligence in his undertaking, he is liable for loss or damage to the limit of the agreed policy,"[2] we ruled that GFB could be held liable for its agent's failure to procure the promised policy.

That principle, however, does not apply here. Anderson does not allege that GFB promised to provide him with coverage for damages to his personal property or to the dwelling in excess of $45,000. He admitted in his deposition that when he accepted the policy, he knew that it did not include coverage for personal property. He also admitted that he knew GFB would insure the dwelling for a maximum of $45,000. Thus, Anderson's claim is not the sort recognized in *Arnold* — where defendants negligently failed to provide coverage they had promised. Rather, his claim is that defendants misrepresented the availability of the coverage he wanted.[3] This claim, however, is not actionable under the facts of this case.

In *Williams v. Fallaize Ins. Agency*,[4] Williams, who operated a jewelry business, purchased through Fallaize an insurance contract that provided theft coverage, but excluded any theft from an unattended motor vehicle. Six months later, a briefcase of jewelry was stolen from Williams's unattended car, and the underwriter denied coverage. Williams claimed that "on at least two different occasions she requested that Fallaize find insurance which would cover an unattended vehicle, and that Fallaize falsely represented to her that the coverage was unavailable."[5] Williams asserted that she relied on this misrepresentation, did not seek such coverage elsewhere, and suf-

---

[1] 175 Ga. App. 850 (334 SE2d 733) (1985).

[2] (Citations and punctuation omitted.) Id. at 851 (1).

[3] Or, as Anderson stated in his deposition, "[T]his is not about the [insurance] contract as issued; this is about the contract [that] should have been issued."

[4] 220 Ga. App. 411 (469 SE2d 752) (1996).

[5] Id. at 412 (1).

fered an unnecessary loss. We held that she failed to exercise due diligence by not shopping the marketplace for the coverage she sought.[6] Accordingly, she had no viable claim for negligent misrepresentation.[7]

Like the plaintiff in *Williams*, Anderson claims that Branch falsely told him that the dwelling could be insured for only $45,000 and that personal property coverage was not available. Although Anderson asserts that Branch held himself out as an expert, there is no evidence that he sought Branch's advice as to the appropriate type or amount of coverage he needed. Rather, the evidence shows that Anderson told Branch what he wanted, but Branch said that GFB would not provide it. It was Anderson's duty to review the policy offered, and "[i]f it was not what he wished to have he could have renegotiated the contract, or, if the company was unwilling to do that, he could have returned it as unacceptable and negotiated a contract with another company."[8]

Anderson suggests that he was unable to review the policy because he did not receive it until after the fire. But the record shows without dispute that Anderson understood the material terms of the policy before he received the formal document in the mail, he knew that his personal property was not covered, and he knew that the limit on the dwelling was $45,000. Thus, his failure to receive the document before the fire is irrelevant.[9]

Nothing in the record indicates that defendants in any way discouraged Anderson from contacting other insurers to obtain the best coverage he could find. In fact, Anderson testified at his deposition that around the time he contacted GFB, he also solicited rate quotes from one or more other insurers. However, he "preferred Georgia Farm Bureau" for personal reasons. And, although Anderson asserts otherwise, there is no evidence that Branch owed him any fiduciary duty or that their interaction was anything other than arm's length.[10] Under these circumstances, Anderson has no tort claim based on Branch's alleged misrepresentation. Anderson understood the nature and amount of coverage GFB was offering, and he chose to accept it. He was equally free to reject it and look elsewhere. Defendants were

---

[6] Id. at 414.

[7] Compare *Heard v. Sexton*, 243 Ga. App. 462, 463-464 (532 SE2d 156) (2000) (claim for negligent misrepresentation will lie where evidence shows that agent represented that proposed policy would provide coverage but, in fact, it did not).

[8] (Citation and punctuation omitted.) *Ethridge v. Associated Mutuals*, 160 Ga. App. 687, 689 (288 SE2d 58) (1981).

[9] See *Fregeau v. Hall*, 196 Ga. App. 493, 494-495 (396 SE2d 241) (1990).

[10] Anderson maintains that Branch acted as his agent as well as GFB's because GFB is a farmers mutual insurance company of which he is a "member/owner." However, Anderson points to no evidence in the record to support this assertion.

properly awarded summary judgment on Anderson's claims for damages to personal property and to his dwelling in excess of $45,000.

2. Anderson claims that summary judgment was erroneously granted on his claims for additional living expenses, consequential damages, and bad faith. We disagree.

Although Anderson claims he was entitled to additional living expenses under the policy, a review of the policy's declarations page shows that it did not include such coverage. Anderson sought consequential damages due to defendants' alleged delay in responding to his claims, but under Georgia law, the exclusive remedy for an insurance company's bad faith refusal to pay a claim is set forth in OCGA § 33-4-6.[11] And penalties for bad faith are not available where, as here, the insurance contract does not provide the coverage demanded.[12]

3. Anderson raises several other challenges, none of which has merit.

First, he contends that the trial judge erroneously required him to procure from another judge who had earlier presided over the case an affidavit explaining the meaning of one of his rulings. However, the record shows that the trial judge merely told Anderson that if he objected to a letter from the earlier judge clarifying his ruling, then Anderson could obtain an affidavit from that judge. Anderson did not object, so he has no basis for complaint.

Second, Anderson asserts that the trial court was unfamiliar with the case and failed to base its rulings on a review of the entire record. However, the court's orders state that they were made after considering the parties' arguments and the pleadings, exhibits, and discovery filed in the case. Moreover, there is a legal presumption that the trial court considered the entire record before making its decisions.[13] In any event, we have ruled that both motions for partial summary judgment were properly granted, so Anderson suffered no harm.

Third, Anderson claims that the court failed to police a number of alleged discovery abuses by defendants. But the record is devoid of any discovery-related motions or any court ruling on discovery matters. Accordingly, issues related to discovery are not properly before us.

4. Defendants have moved to strike certain portions of Anderson's brief as discourteous and disparaging personal attacks on defendants' counsel. Although argumentative, the language in ques-

---

[11] *Wallace v. State Farm Fire &c. Co.*, 247 Ga. App. 95, 96, n. 3 (539 SE2d 509) (2000).

[12] *Collins v. Life Ins. Co. of Ga.*, 228 Ga. App. 301, 304 (3) (491 SE2d 514) (1997).

[13] *Bishop v. Mangal Bhai Enterprises*, 194 Ga. App. 874 (1) (392 SE2d 535) (1990).

tion is not so discourteous and disparaging as to warrant granting the motion to strike. We therefore deny it.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MAY 23, 2002 —
RECONSIDERATION DENIED JUNE 12, 2002 —

*Lyle V. Anderson*, pro se.

*Minor, Bell & Neal, Dennis D. Watson, Thomas D. Weldon, Jr.*, for appellees.