A06A0696. BURKETT v. LIBERTY MUTUAL FIRE INSURANCE COMPANY et al.
(629 SE2d 558)

BLACKBURN, Presiding Judge.

In this personal injury action, Ivan Burkett appeals the grant of summary judgment to Liberty Mutual Fire Insurance Company ("Liberty") and Atlanta Casualty Company ("ACC"), contending that the trial court erred in ruling that Burkett failed to comply with the notice provisions applicable to his claims under insurance policies issued by Liberty and ACC. We disagree and affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of

review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the record shows that on February 16, 2002, Burkett was injured while a passenger in a car driven by Erik Dunston and owned by Dunston's mother when it collided with a car driven by Rosh Browne. Dunston was specifically excluded as a covered driver under his mother's insurance policy, issued by Government Employees Insurance Company ("GEICO"). Accordingly, on October 30, 2003, GEICO was granted summary judgment denying coverage in a declaratory judgment action against Dunston, Dunston's mother, Browne, and Burkett. That decision was not appealed.

Burkett's mother had insurance policies with Liberty and ACC, each with uninsured motorist coverage. On February 13, 2004, Burkett filed suit against Liberty and ACC seeking coverage under his mother's policies, which potentially covered him as a family member. There was a dispute in the trial court as to the exact date Burkett provided notice to Liberty and ACC of the collision or of his claims under their policies, but the parties agree, and the evidence shows, that the earliest date Burkett provided notice was on February 16, 2004 to ACC, and February 17, 2004 to Liberty.

Liberty and ACC both moved for summary judgment on the ground that Burkett failed to comply with the notice provisions under the insurance policies. The trial court granted their motions, giving rise to this appeal.

Burkett contends that the trial court erred in ruling that he did not comply with the notice provisions of the Liberty and ACC insurance policies. We disagree.

"Under Georgia law, contracts of insurance are interpreted by ordinary rules of contract construction. . . . Where the terms are clear and unambiguous, and capable of only one reasonable interpretation, the court is to look to the contract alone to ascertain the parties' intent." *Boardman Petroleum v. Federated Mut. Ins. Co.*[2] Insureds are charged with knowledge of the insurance policy's contents, and

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] *Boardman Petroleum v. Federated Mut. Ins. Co.*, 269 Ga. 326, 327-328 (498 SE2d 492) (1998).

are bound by those contents even if they do not have physical possession of the policy. *Southeastern Security Ins. Co. v. Empire Banking Co.*[3]

Here, both the Liberty and ACC policies contained provisions requiring Burkett to provide the carriers with notice regarding his claims.

(a) *Notice to Liberty.*

The Liberty policy stated, in relevant part:

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties: ... *A person seeking any coverage must . . . [p]romptly send us copies of any notices or legal papers received in connection with the accident or loss. . . . A person seeking Uninsured Motorists Coverage must also . . . [p]romptly send us copies of the legal papers if a suit is brought.*

(Emphasis supplied.) Therefore, at a minimum, Burkett was required to "promptly" provide Liberty with legal papers if a suit was brought.

Burkett was named in GEICO's complaint seeking declaratory judgment, and he was served on January 10, 2003. Burkett's first notice to Liberty of the collision was more than one year later (two years after the collision). Under the Liberty policy, Burkett had a duty to "promptly" provide Liberty with the GEICO legal papers, which he did not do until more than one year later. This left Liberty unable to assert its or Burkett's interest in the GEICO declaratory judgment action, in which GEICO was successful. Burkett points to no fraud, overreaching, or other reason for his delay, and the policy makes it clear that such notice is a condition precedent to coverage. Under these circumstances, the trial court did not err in granting Liberty's motion for summary judgment. See *Protective Ins. Co. v. Johnson*[4] (unexcused seventeen-month delay was not "as soon as practicable" as a matter of law); *Richmond v. Ga. Farm &c. Ins. Co.*[5] (unexcused eight-month delay was unreasonable as a matter of law).

(b) *Notice to ACC.*

The ACC policy stated, in relevant part:

[With respect to an uninsured motorist claim,] *[w]e must be notified within thirty days after any covered person has*

---

[3] *Southeastern Security Ins. Co. v. Empire Banking Co.*, 230 Ga. App. 755, 756-757 (3) (498 SE2d 282) (1998).

[4] *Protective Ins. Co. v. Johnson*, 256 Ga. 713, 714 (1) (352 SE2d 760) (1987).

[5] *Richmond v. Ga. Farm &c. Ins. Co.*, 140 Ga. App. 215, 220-221 (2) (231 SE2d 245) (1976).

*determined that the other motor vehicle is uninsured of the intent of the covered person to file claim under the Uninsured Motorist Coverage.* . . . We have no duty to provide coverage under this policy unless there has been full compliance with the following duties: A person seeking any coverage must . . . *[p]romptly send us copies of any notices or legal papers received in connection with the accident or loss.* . . . *A person seeking Uninsured Motorist Coverage must also . . . [p]romptly send us copies of the legal papers if a suit is brought.*

(Emphasis supplied.)

Because this language is nearly identical to and operates in the same manner as the notice provision in the Liberty policy, and Burkett did not notify ACC until approximately the same time he notified Liberty, Burkett's claim under the ACC policy fails for the same reason as does his claim under the Liberty policy. Moreover, to bring his uninsured motorist claim under the ACC policy, Burkett was required to timely notify ACC of his intent to file a claim for coverage under the uninsured motorist provisions of the ACC policy. GEICO was granted summary judgment against Burkett on October 30, 2003, rendering Browne uninsured; however, Burkett did not notify ACC of his intent to bring an uninsured motorist claim until February 16, 2004. Burkett argues that the 30-day notice period for uninsured motorist claims did not begin to run until he formed his intent to file a claim, instead of when he determined Browne was uninsured. We reject this construction, as it is contrary to the express terms of the policy and as it would render the 30-day notice provision meaningless in that notice would be timely whenever a claimant first chose to bring a claim. See *Myers v. Texaco Refining &c.*[6] ("Georgia law does not permit us to ignore plain language in a contract or to construe it as meaningless"). Therefore, the trial court did not err in granting ACC's motion for summary judgment.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED APRIL 7, 2006.

*Joseph H. King, Jr.*, for appellant.

---

[6] *Myers v. Texaco Refining &c.*, 205 Ga. App. 292, 297 (2) (422 SE2d 216) (1992).

*McLaughlin, Hendon, Miller & Croy, Christopher M. Simon, Crim & Bassler, Mitchel S. Evans, Thomas C. MacDiarmid, John C. McCaffery*, for appellees.