A06A1985. HATTAWAY v. CONNER et al.

(635 SE2d 330)

BLACKBURN, Presiding Judge.

In this negligent misrepresentation action, Michael Hattaway appeals the grant of summary judgment to Conner Agency, Inc., and Greg Conner (defendants), contending that the trial court erred in ruling in favor of defendants because Hattaway breached a duty to read his completed insurance application to ensure that it contained no material misrepresentations. For the following reasons, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] "A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." *Burkett v. Liberty Mut. Fire Ins. Co.*[2]

So viewed, the record shows that in March 1998, Greg Conner, an employee of Conner Agency, Inc., assisted Hattaway in reviewing and preparing an application to insure Hattaway's mobile home. Question 56 on the application allegedly asked for information concerning each dwelling and mobile home loss suffered by the applicant within the last five years. Hattaway informed Conner that he had suffered a partial loss during the period in question but was confused as to whether the question's inquiry related to partial losses. In response, Conner advised Hattaway that the question sought information concerning total dwelling or mobile home losses and further advised

---

[7] *Weathers v. State*, 198 Ga. App. 871, 872 (4) (403 SE2d 449) (1991).

[8] *Freeman v. State*, 257 Ga. App. 232, 234 (3) (570 SE2d 669) (2002).

[1] OCGA § 9-11-56 (c).

[2] *Burkett v. Liberty Mut. Fire Ins. Co.*, 278 Ga. App. 681, 682 (629 SE2d 558) (2006).

Hattaway that the appropriate answer to Question 56 should be "none." Relying on that representation, Hattaway answered accordingly.

In May 1998, Hattaway's mobile home was destroyed by fire. Hattaway filed a claim for the loss under the insurance policy but was informed that the claim was denied based upon a material misrepresentation in the insurance application submitted by Conner. Specifically, Hattaway was told that he had failed to reveal that he had previously suffered a partial loss on a dwelling.

Based on this denial, Hattaway sued defendents, alleging that Conner negligently misrepresented the meaning of Question 56 on the insurance application, and as a result Hattaway's claim was denied. Submitting the insurance application and other evidence, defendants moved for summary judgment on the ground that Hattaway had a duty to read the recorded responses on the application form to ensure that the responses were correct and that the language in the application made it readily apparent that Question 56 related to partial losses. Based on the language of the application in the record before it, the trial court granted summary judgment, and this appeal followed.

Contending that summary judgment was improperly granted, Hattaway argues that Conner negligently misrepresented a key portion of the insurance application, and that due to that misrepresentation, Hattaway was denied insurance coverage. To prevail on a claim of negligent misrepresentation, Hattaway must establish three facts: (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury to those persons. *Johnston v. Correale*.[3] "In order to survive a motion for summary judgment, [Hattaway] must show some evidence as to each element." (Punctuation omitted.) *Williams v. Fallaize Ins. Agency*.[4]

In our de novo review, we must determine whether there is any genuine issue of material fact as to whether Conner negligently supplied Hattaway with false or misleading information and as to whether the language in the application was so plain as to preclude this cause of action. Such a determination requires a review of the insurance application to determine what language the application employed and what information the application requested, followed by a comparison of that information with the statements attributed to Conner. However, Hattaway failed to include the insurance application in the appellate record, and thus we cannot determine whether

---

[3] *Johnston v. Correale*, 272 Ga. App. 502, 505 (3) (612 SE2d 829) (2005).
[4] *Williams v. Fallaize Ins. Agency*, 220 Ga. App. 411, 413 (1) (469 SE2d 752) (1996).

a jury question exists as to a possible misrepresentation of the application's terms. Compare *Marquis Tower v. Highland Group.*[5] We have previously held that

> [w]hen an appellant omits evidence necessary for determination of issues on appeal affirmation is required. It is well established that the burden is on the party alleging error to show it by the record and that where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm. On appeal of summary judgment this Court is required to conduct a de novo review which, by definition, is impossible if the appellant omits the very evidence at the heart of our inquiry.

(Citations and punctuation omitted.) *Carter v. Moody.*[6] Given that the appellate record, here, does not include the insurance application that is the focus of this litigation and that was before the trial court, we cannot determine whether Hattaway's cause of action is precluded and whether Hattaway has provided any evidence that Conner negligently supplied false information within the context of that application. See id. Accordingly, we must assume that the trial court's ruling was correct and affirm the grant of summary judgment.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED AUGUST 8, 2006.

*Reynolds, McArthur & Horne, Timothy J. Boyd,* for appellant.
*Michael T. Thornton,* for appellees.

---

[5] *Marquis Tower v. Highland Group,* 265 Ga. App. 343, 347 (2) (593 SE2d 903) (2004).
[6] *Carter v. Moody,* 236 Ga. App. 262, 264 (511 SE2d 520) (1999).