[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 18, 2006
THOMAS K. KAHN
CLERK

No. 06-12380
Non-Argument Calendar

_____

D.C. Docket No. 03-01928-CV-WBH-1

WELLS FARGO HOME MORTGAGE, INC.,

Plaintiff-Appellant,

versus

ALLSTATE INSURANCE COMPANY, INC.,

Defendant-Cross Claimant-
Appellee,

BANK OF AMERICA, N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 18, 2006)**

Before ANDERSON, BIRCH and COX, Circuit Judges.

PER CURIAM:

Wells Fargo Home Mortgage, Inc. ("Wells Fargo") appeals the district court's grant of summary judgment to Allstate Insurance Co. ("Allstate") in this action to recover misdirected insurance payments. Allstate generated a check to cover a fire loss on the insured home of Virgil R. Rogers; the home was mortgaged to Wells Fargo. Allstate should have written the check to Wells Fargo, Virgil R. Rogers, and Adjusters International (Rogers's public adjuster). But, the language of the check omitted the word "and," so Rogers was able to cash the check without Wells Fargo's knowledge.

On November 6, 2001, after Rogers cashed the check and kept the money, Wells Fargo discovered that the insurance proceeds had been misdirected. Wells Fargo then attempted to obtain reimbursement from Allstate. Allstate denied Wells Fargo's claim on June 28, 2002. Wells Fargo sued Allstate on June 13, 2003.

Allstate moved for summary judgment. The district court granted Allstate's motion based on language in the insurance policy requiring that any suit by an insured against Allstate be brought within twelve months of the "inception of loss."

Wells Fargo does not dispute the existence or validity of the policy's limitations provision. Instead, Wells Fargo argues that the limitations provision should not be enforced because Allstate waived the limitations period in the contract.

2

This is a misdirection of funds case. There was a misdirection of the insurance proceeds when Allstate issued a check that was payable in full to any of the three insureds instead of requiring the endorsements of all three. Under Georgia law, in a misdirection of funds case, the contractual limitations period begins to run when the insured discovers the misdirection of the funds. *E. Ten. Mort. Co. v. U.S. Fidel. & Guar. Co.*, 491 S.E.2d 333, 336 (Ga. 1997). It is undisputed that Wells Fargo discovered that the funds had been misdirected on November 6, 2001. Wells Fargo did not sue Allstate until June of 2003. Thus, Wells Fargo's lawsuit must be dismissed pursuant to the one-year contractual limitations period unless Allstate waived the enforcement of that contractual term. Wells Fargo never explicitly waived enforcement of the limitations period. Therefore, the question is whether Allstate's conduct impliedly waived the contract's limitations period.

"A waiver is the voluntary relinquishment of some known right, benefit, or advantage which the party otherwise would have enjoyed." *Plumer v. Continental Cas. Co.*, 77 S.E. 917, 920 (Ga. App. 1913) (citation omitted); *see also Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1347 (11th Cir. 1994). Ordinarily, the question of waiver is for the jury. *Employees Assur. Soc. v. Bush*, 123 S.E.2d 908, 912 (Ga. App. 1962). Nevertheless, waiver may become a question of law in Georgia

3

if "the facts and circumstances essential to the waiver issue are clearly established." *Mauldin v. Weinstock*, 411 S.E.2d 370, 374 (Ga. App. 1991).

Wells Fargo argues that Allstate relinquished its right to rely on the limitations period in the contract in two ways. First, Wells Fargo argues that Allstate waived its right to enforce the limitations period by continuing to work in cooperation with Wells Fargo beyond the limitations period's expiration. This does not constitute waiver under Georgia law, which categorically states that investigations and settlement negotiations on the part of the insurer shall not constitute a waiver of any contractual limitations provision. Ga. Code § 33-24-40.

Second, Wells Fargo argues that Allstate waived the limitations period by failing to provide Wells Fargo a complete copy of the insurance policy until well after the expiration of the limitations period, despite Wells Fargo's timely requests for the policy. The district court dismissed this argument because Georgia law charges an insured with knowledge of the terms of the insurance policy. (R.3-57 at 15 n.5.) (citing *S.E. Sec. Ins. Co. v. Empire Banking*, 498 S.E.2d 282, 284 (Ga. App. 1998)). While the district court correctly stated the general rule of Georgia law, the court did not state the corollary to that rule – an insured without a copy of the policy must make an effort to ascertain the policy's terms. *Empire Banking*, 498 S.E.2d at 284 ("Insured persons under an insurance policy are presumed to know its conditions if

4

they intend to rely upon its benefits, *or else they must find out those conditions.*") (internal quotation omitted) (emphasis added). But, this assumes that the insured's efforts to "find out those conditions" will not be frustrated by the actions of the insurer to deny the insured access to the policy itself. If the insurer acts to deny the insured access to the policy, and the policy itself is the source of the limitation period on which the insurer relies, the consequence of the insurer's actions should be waiver of the limitation period. *See Canales v. Wilson Southland Ins. Agency*, 583 S.E.2d 203, 204 (Ga. App. 2003) (recognizing exception to general rule that insured is charged with knowledge of the policy conditions if "the evidence reflects a special relationship of trust or other unusual circumstances which would have prevented or excused [the insured] of his duty to exercise ordinary diligence.") (citation omitted); *see also id.* at 206 n.20 (citing Georgia cases recognizing that fraud on the part of the insurer excuses the insured's duty to read the policy if the fraud prevents the insured from reading the policy).

In this case, there is a dispute of fact as to whether, in response to Wells Fargo's timely request, Allstate supplied Wells Fargo with a copy of the insurance policy or stalled production of the policy until after the one year limitations period had expired. Crediting the facts as alleged by Wells Fargo (as we must when reviewing summary judgment), we cannot say that, as a matter of law, Wells Fargo's

requests for a policy did not fulfill its duty to exercise ordinary diligence. Neither can we hold that, as a matter of law, Allstate's actions in response to Wells Fargo's requests for a policy do not constitute "unusual circumstances which would have prevented or excused [Wells Fargo's] duty to exercise ordinary diligence." *See Canales, supra*. These are genuine issues of material fact for the jury. Therefore, the case should not have been disposed of on summary judgment. Accordingly, we reverse the grant of summary judgment and remand this case for further proceedings consistent with this opinion.[1]

REVERSED AND REMANDED.

---

[1]The district court was correct in ruling that Wells Fargo's other contention, that Allstate is liable for the actions of Rogers because it impliedly made him its agent by issuing the check to him, is without merit. This argument need not be addressed on remand.