**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J. and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 13, 2020**

# In the Court of Appeals of Georgia

A19A1980. MARTIN v. CHASTEEN.

MCFADDEN, Chief Judge.

This appeal challenges the grant of summary judgment to an insurance agent who was sued for failing to procure certain coverage for the insured. Because the insured has failed to show that there is a genuine issue of material fact, we affirm the order granting the motion for summary judgment.

1. *Facts and procedural posture.*

Viewed in the light most favorable to the nonmovant, see *Unique Auto Sales v. Dunwoody Ins. Agency*, 348 Ga. App. 656 (824 SE2d 578) (2019), the evidence shows that in December 2011, Mark Martin used insurance agent Thomas Chasteen to obtain an insurance policy for Martin's farm in Bishop, Georgia. The policy included coverage for two dwellings and an equipment building on the property.

Martin renewed the policy in December each year and received policy declaration pages showing the same two dwellings and the equipment building as covered structures. In 2013 and 2014, Martin built a new horse barn on the property. During that time, Martin and Chasteen communicated about possible insurance coverage for the new barn, but coverage for the barn was never added to the farm policy. In February 2016, the barn was struck by lightning and destroyed by fire.

Martin filed a complaint against Chasteen, alleging that he had been negligent in failing to add coverage for the barn to the farm policy. Chasteen moved for summary judgment. The trial court granted the motion, finding that recovery is barred because Martin had an obligation to read and the declaration pages of the policy clearly showed that the barn was not covered. Martin appeals, challenging the grant of summary judgment.

2. *Summary judgment based on obligation to read.*

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Tyson v. Scottsdale Indem. Co.*, 343 Ga. App. 370, 371 (805 SE2d 138) (2017) (citation omitted). Here, contrary to Martin's claims, the trial court correctly granted summary judgment to Chasteen

on the basis that Martin had failed to meet his obligation to read and examine the policy.

(a) *General rule*.

> In general, an insured has an obligation to read and examine an insurance policy to determine whether the coverage desired has been furnished. If an examination of the policy would have made it readily apparent that the desired coverage was not issued, the policyholder['s] failure to examine the policy bars recovery against the insurer or its agent for negligent failure to provide coverage.

*MacIntyre & Edwards, Inc. v. Rich*, 267 Ga. App. 78, 79-80 (1) (599 SE2d 15) (2004) (citation omitted). Accord *Lavoi Corp v. Nat. Fire Ins. of Hartford*, 293 Ga. App. 142, 147 (2) (666 SE2d 387) (2008) (where insurance agent procures a requested policy and the insured fails to read it to determine what is covered, the agent is thereby insulated from liability).

In this case, as the trial court found, an examination of the declaration pages of the insurance policy made it readily apparent that the new barn was not covered. The declaration pages clearly showed that the only covered structures were the same two dwellings and the equipment building that had been covered since the beginning of the farm policy, and that the new barn had never been added to the policy as a covered structure.

Nevertheless, Martin argues that his duty to read does not authorize summary judgment because there is a question of fact as to whether he possessed a copy of the entire policy, not only the policy declaration pages. However, "[i]nsureds are charged with knowledge of the insurance policy's contents, and are bound by those contents even if they do not have physical possession of the policy." *Burkett v. Liberty Mut. Fire Ins. Co.*, 278 Ga. App. 681, 682-683 (629 SE2d 558) (2006). Accord *Tyson*, supra at 374 (2) (a). Martin "alleged the existence of the policy and is chargeable with knowledge of its contents. Insured persons under an insurance policy are presumed to know its conditions if they intend to rely upon its benefits, or else they must find out those conditions. That is particularly true when, as in this case, the policy in issue is a renewal policy." *Southeastern Security Ins. Co. v. Empire Banking Co.*, 230 Ga. App. 755, 756-757 (3) (498 SE2d 282) (1998) (citations and punctuation omitted). See also *Wells Fargo Home Mtg. v. Allstate Ins. Co.*, 199 Fed. Appx. 912, 915 (11th Cir. 2006) (Under Georgia law, "an insured without a copy of the policy must make an effort to ascertain the policy's terms.").

Given that the declaration pages of the renewal policy in effect at the time of the fire made it readily apparent that the barn was not covered, Martin "was obligated to examine [the] insurance policy and to reject it if it [did] not furnish the desired

coverage." *Canales v. Wilson Southland Ins. Agency*, 261 Ga. App. 529, 530 (1) (583 SE2d 203) (2003). His failure to ascertain the policy's terms bars recovery, so "we affirm the trial court's grant of summary judgment to [Chasteen]." *Lavoi Corp.*, supra at 149 (2) (affirming summary judgment to insurance agent sued for failure to procure coverage for two facilities, including one destroyed by fire, where it was readily apparent from declaration pages of policy that those facilities were not covered). See also *State Farm Fire & Cas. Co. v. Leblanc*, 2013 U. S. Dist. LEXIS 69928 *24 (III) (B) (1) (a) (M. D. Ga. 2013) ("In this case, it was readily apparent from the declarations page that there was no coverage. . . . The onus was on the insured to ensure the coverage [was] correct.").

(b) *Exceptions to general rule.*

The general rule that an insured has a duty to read "has several exceptions, including[ w]hen the agent has held himself out as an expert and the insured has reasonably relied on the agent's expertise to identify and procure the correct amount or type of insurance, *unless an examination of the policy would have made it readily apparent that the coverage requested was not issued*." *Cottingham & Butler, Inc. v. Belu*, 332 Ga. App. 684, 686-687 (1) (774 SE2d 747) (2015) (citation and punctuation omitted; emphasis supplied). Another exception is "where the evidence reflects a

5

special relationship of trust or other unusual circumstances which would have prevented or excused plaintiff of his duty to exercise ordinary diligence to ensure that no ambiguity existed between the requested insurance and that which was issued." *Traina Enterprises v. Cord & Wilburn, Inc., Ins. Agency*, 289 Ga. App. 833, 837 (2) (658 SE2d 460) (2008) (citation and punctuation omitted). Contrary to Martin's claims, neither the expert exception nor the special relationship/unusual circumstances exception applies to this case.

Under the expert exception, "the insured is relieved of the responsibility to minutely examine the policy." *MacIntyre & Edwards*, supra at 81 (1). But "the insured is not relieved of all responsibility to examine the policy." *Atlanta Women's Club v. Washburne*, 207 Ga. App. 3, 4-5 (427 SE2d 18) (1992). Rather, the "insured's duty to read the policy remains if an examination of the policy would have made it readily apparent that the coverage [requested] was not issued." *MacIntyre & Edwards*, supra. As discussed above, an examination of the policy declaration pages would have made it readily apparent that the barn was not covered. So the expert exception does not apply because "if it is readily apparent that the insured did not get the coverage he requested, the duty to read will still bar a lawsuit against the agent even if the insured relied upon the agent's expertise." Id.

6

With regard to the special relationship or other unusual circumstances exception, this court has held that a

> confidential relationship exists where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith. The party asserting the existence of a confidential relationship has the burden of establishing its existence.

*Canales v. Wilson Southland Ins. Agency*, 261 Ga. App. 529, 531 (1) (583 SE2d 203) (2003) (citation and punctuation omitted).

Here, Martin has not shown the existence of a special relationship or other unusual circumstance that would have prevented or excused him from exercising ordinary diligence to ensure that insurance for the barn had been issued. Martin refers to his years of dealing and communicating with Chasteen on insurance matters, although we note that in his argument he has made no citations to specific parts of the record supporting this claim. See Court of Appeals Rule 25 (c). Regardless, the fact "[t]hat two people have transacted business in the past and have come to repose trust and confidence in each other as the result of such dealings is not sufficient, in and of itself, to warrant a finding that a confidential relationship exists between them." *Canales*, supra at 531 (1) (citation and punctuation omitted). We find that Martin has pointed to no facts demonstrating the existence of a "confidential relationship [or

7

other unusual circumstances] between [him] and [Chasteen] that would have abrogated [Martin's] duty to read the policy." Id.

3. *Negligent misrepresentation claim.*

Martin enumerates that the trial court erred in granting summary judgment on his negligent misrepresentation claim. The essential elements of such a claim are: "(1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance." *Incomm Financial Svcs. v. Global Payments, Inc.*, 349 Ga. App. 363, 365 (1) (825 SE2d 839) (2019) (citation omitted). As the trial court correctly found, Martin has pointed to no evidence that Chasteen supplied any false information. Because Martin cannot show the first essential element of a claim for negligent misrepresentation, there can be no liability and the claim must fail. Id. at 366 (1) (if any of the essential elements of a negligent misrepresentation claim are absent, there will be no liability); *Benefit Support, Inc. v. Hall County*, 281 Ga. App. 825, 836 (8) (637 SE2d 763) (2006) (claim for negligent misrepresentation must fail where an essential element was not shown). So summary judgment in favor of Chasteen was properly granted on this

claim. See *DaimlerChrysler Motors Co. v. Clemente*, 294 Ga. App. 38, 51 (3) (668 SE2d 737) (2008); *Benefit Support*, supra.

*Judgment affirmed. McMillian, P.J., and Mercier, J., concur*.