A97A1675. GEORGIA MUTUAL INSURANCE COMPANY
v. GLENNVILLE BANK & TRUST COMPANY.
(494 SE2d 103)

SMITH, Judge.

This appeal presents a question concerning whether a mortgagee may recover the proceeds of a fire insurance contract covering the mortgaged premises. The policy provided that "the action [must be]

started within one year after the date of loss." In this case, the insured mortgagor filed an action against the insurer to recover the proceeds within one year after the loss. The mortgagee did not file a separate action, but intervened in the mortgagor's action after the expiration of the one-year period. We conclude that under these circumstances the mortgagee may recover, and we affirm the decision of the trial court.

The record shows that the home of Doyle and Sherry Moody was destroyed by fire on January 26, 1994. The property was covered for fire loss under an insurance contract issued by Georgia Mutual Insurance Company, which listed Glennville Bank & Trust Company in the declarations as the mortgagee. The policy contained two relevant provisions in its "Conditions" segment. Paragraph 8 ("Suit Against Us") provided that "[n]o action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." Paragraph 12 ("Mortgage Clause") provided in pertinent part that "[p]olicy conditions relating to appraisal, suit against us and loss payment apply to the mortgagee."

In July 1994, the insurer notified the bank that it was denying coverage under the policy. On January 11, 1995, the bank sent the insurer a demand letter, informing it that suit would be filed within two weeks of receipt unless payment was made. On January 17, 1995, the Moodys filed an action against the insurer seeking recovery of the policy proceeds. On January 30, 1995, the bank sent the insurer another letter confirming a prior telephone conversation in which the bank had agreed, at the insurer's request, to extend the time for a response to the demand letter because the insurer's claims manager was out of the country. The letter confirmed that the bank had agreed to extend the response period until February 9, 1995, and that it would not file suit until then. The one-year period after the Moodys' loss expired on January 25, 1995. On March 20, 1995, the bank filed a motion to intervene in the Moodys' action, which was granted on April 4, 1995. The insurer's subsequent motion for summary judgment as to the bank's claim was denied. The bank then filed its motion for summary judgment against the insurer. The Moodys later dismissed their complaint against the insurer. The trial court granted the bank's motion for summary judgment, and the insurer appeals.

The insurer contends the trial court erred in granting summary judgment in favor of the bank because the bank did not file suit on its claim within one year of the date of the loss, as required by the policy. The insurer argues that this contractual limitation has been held to be valid and enforceable. *Suntrust Mtg. v. Ga. Farm Bureau Mut. Ins. Co.*, 203 Ga. App. 40 (416 SE2d 322) (1992). We do not agree with this

contention.

Although such provisions are certainly valid and enforceable, the facts in this case are distinguished from those in *Suntrust Mtg.* in several ways. First, in *Suntrust Mtg.* no evidence existed of any conduct on the part of the insurer that would lead the mortgagee into believing the contractual limitation period would not apply. Id. at 42. In contrast, shortly before the expiration of the contractual limitation period here, Georgia Mutual actually *requested,* for its own benefit, that the bank delay taking legal action. This conduct certainly could be expected to lead the bank to believe that the insurer intended at least to enlarge the contractual limitation period. Compare *Modern Carpet Indus. v. Factory Ins. Assn.*, 125 Ga. App. 150, 151 (186 SE2d 586) (1971).

Second, in *Suntrust Mtg.*, no "action" at all was filed within the required time period, and no intervention was involved. In a well-reasoned order, the trial court concluded that this case is distinguished from *Suntrust Mtg.* for precisely that reason. The policy provision requiring that "the action" be brought within one year from the date of loss does not specify the identity of the party required to bring "the action." Notwithstanding the language in the "mortgage clause" making this time limitation applicable to the mortgagee, the policy provision does not state that the mortgagee's claim is barred unless *the mortgagee* files suit within one year of the loss. It is silent as to the pivotal question of whether the mortgagee is required to bring a *separate, second* action even if "the action" of the insured was timely filed and is pending. The provision is therefore susceptible of two meanings.

The trial court analogized this limitation on the right to enforce the policy terms "to an exclusion from coverage, in that it effectively eliminates rights which are granted elsewhere in the policy." "Contracts of insurance are to be construed strictly against the insurer and in favor of the insured when language contained therein is susceptible to two or more constructions. Where the insurer grants coverage to an insured, it must define any exclusions in its policy clearly and distinctly. [Cits.]" *American Southern Ins. Co. v. Golden,* 188 Ga. App. 585, 586 (373 SE2d 652) (1988). With this principle in mind, the trial court concluded that since the provision in issue was ambiguous, it must be construed in favor of the insured, in this case the bank, and that the bank could recover on the policy because an action had, indeed, been filed within the contractual limitation period. We agree with the trial court's reasoning.

We also agree with the trial court's conclusion that the legitimate purpose of such contractual limitation periods is not thwarted by permitting the bank to intervene after the one-year period. Such contractual limitation provisions serve to eliminate the insurer's pos-

sible protracted exposure to suit. Absent such provisions, that exposure would extend throughout the statutory limitation period, for six years after losses. OCGA § 9-3-24. The public interest is served by permitting the insurer to limit the time of its exposure. Because the insurer's reserves must be sufficient to meet the possible losses, a shorter period of exposure results in lower premiums for insureds. At the same time, the rights of insureds are not impaired, because a one-year limitation is reasonable. *Brown v. Savannah Mut. Ins. Co.*, 24 Ga. 97, 101-102 (2) (1858) (condition requiring that suit be brought within six months held reasonable).

In this case, the possibility of exposure to liability became a certainty when the Moodys filed suit; this was not changed by allowing the mortgagee to intervene in the pending action even after the one-year period. The trial court did not err in granting summary judgment in favor of the bank.

*Judgment affirmed. Senior Appellate Judge Harold R. Banke concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the opinion except for the first reason given for the correctness of summary judgment on the issue of timeliness. There would be a question of fact whether the parties contemplated an extension of up to February 9 or beyond it, and if beyond that date, then for how long, for the bank to take legal action. The only evidence of record of this extension is the bank's letter to the insurer confirming a telephone conversation. It states that counsel "will not file suit before that date. On the other hand, if we have not resolved the matter satisfactorily by that date my client insists that we begin the appropriate legal actions." Intervention was not undertaken until March 20.

It is unnecessary to determine whether the extension constituted a waiver of the one-year contract provision and, if so, the length of the waiver, because of the other solid basis for the partial summary judgment granted.

The trial court wisely laid the foundation of the summary judgment on the timing of the filing of "suit against us," in the words of the contract, and ruled that "if an action is filed, any party with a contractual right to share in the proceeds of the policy may intervene in that action, even if their intervention occurs more than a year after the loss." As the trial court recognized, it is just a matter of who is entitled to the proceeds of the policy, not whether there is coverage or what amount of coverage is due. Allowing intervention for the purpose of payment does not jeopardize the insurer's interests in limiting exposure to suit to less than the six-year statute of limitation for contract actions.

DECIDED NOVEMBER 17, 1997.

*Brennan, Harris & Rominger, Mason White*, for appellant.
*Hugh J. McCullough*, for appellee.