**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a1049n.06

**No. 13-3073**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

MARK GIBNEY; BRENDA GIBNEY,    )
    )
    Plaintiffs,    )
    )
PNC BANK,    )
    )
    Intervenor Plaintiff-Appellant,    )
    )
v.    )  ON APPEAL FROM THE UNITED
    )  STATES DISTRICT COURT FOR THE
STATE FARM FIRE & CASUALTY    )  SOUTHERN DISTRICT OF OHIO
COMPANY,    )
    )
    Defendant-Appellee.

**FILED**
Dec 26, 2013
DEBORAH S. HUNT, Clerk

Before: DAUGHTREY, COOK, and WHITE, Circuit Judges

COOK, Circuit Judge. PNC Bank appeals the judgment of the district court, which foreclosed as untimely its action to recover insurance proceeds. Because the district court's analysis of the suit-limitation provision in State Farm's policy elides PNC's persuasive ambiguity arguments that required construing the provision in favor of PNC, we reverse the grant of summary judgment to State Farm.

I.

No. 13-3073
*Gibney et al. v. State Farm Fire & Cas. Co.*

Mark Gibney filed a coverage claim with State Farm after a fire damaged his home in July 2009. Almost a year later, State Farm voided his policy and denied the claim, having determined that an intentional human act caused the fire, and that Gibney lied during the investigation.

Thereafter, one day short of the fire's first anniversary, Gibney and his wife sued State Farm for various policy breaches, meeting the time-limitation in the insurance policy's Suit Against Us clause, which reads:

> **6. Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage.

Roughly a year-and-a-half later, PNC Bank, the mortgage-holder and loss payee under the policy, intervened in the Gibneys' action without objection from State Farm, asserting its contractual status as co-payee with the Gibneys under part A of the policy's Mortgage Clause. Within weeks, PNC amended its Complaint in Intervention to add a "separate and independent claim for loss under the Policy," pressing the point that "to the extent that State Farm voids or denies [the Gibneys'] claim for loss . . . such action is not valid as against PNC."

State Farm moved for summary judgment against PNC, arguing the untimeliness of its independent claim under the policy's suit-against-us provision. The district court granted the motion and, following the Gibneys' settlement with State Farm, dismissed PNC's "derivative claims" and entered final judgment. PNC now appeals.

No. 13-3073
*Gibney et al. v. State Farm Fire & Cas. Co.*

II.

We review de novo the district court's interpretation of the insurance policy and grant of summary judgment, affirming if the record leaves no genuine issue of material fact such that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Longaberger Co. v. Kolt*, 586 F.3d 459, 465 (6th Cir. 2009); *Messer v. Paul Revere Life Ins. Co.*, 884 F.2d 939, 940 (6th Cir. 1989); *see also Potti v. Duramed Pharm., Inc.*, 938 F.2d 641, 647 (6th Cir. 1991). "A term is ambiguous if it is reasonably susceptible of more than one meaning," and we interpret any ambiguity against the drafting party. *Retail Ventures, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 691 F.3d 821, 826 (6th Cir. 2012); *see also King v. Nationwide Ins. Co.*, 519 N.E.2d 1380, 1383 (Ohio 1988).

PNC attacks the district court's policy interpretation on two fronts. First, PNC argues that language in the policy's Mortgage Clause absolves it from complying with the Suit Against Us clause's limitations period. (*See* R. 46-3, Policy § I Conditions, ¶ 10(b)(3) (explaining that State Farm would honor a mortgagee's claim despite the denial of the insured's claim, "if the mortgagee . . . submits a signed, sworn statement of loss within 60 days after receiving notice . . . of the insured's failure to do so," and noting that the "[p]olicy conditions relating to . . . Suit Against Us . . . apply to the mortgagee").) PNC lodges its second objection to the Suit Against Us clause and the ambiguity inherent in its phrase "[t]he action must be started within one year." Because we agree with the dispositive ambiguity argument, we bypass the bank's Mortgage Clause argument.

Nothing in State Farm's suit-against-us provision definitively prohibits PNC's claims. Absent a clarifying definition, the clause's reference to "the action" reasonably connotes something broader than an individual party's claims. *See* Ohio Rev. Code § 2307.01 ("An action is an ordinary proceeding in a court of justice, involving process, pleadings, and ending in a judgment or decree."); *cf. Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) ("[Federal] Rule [of Civil Procedure] 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'"). And requiring that the action "be started within one year [of the] loss" can be read as allowing later claims to be joined, so long as they are part of the same essential "action." *See Vogt v. Guardian Royal Exch.*, No. CA91-10-085, 1992 WL 139371, at *2 (Ohio Ct. App. June 22, 1992) ( "An 'action is commenced by filing a complaint . . . .' Thus, the pertinent policy language requires that a complaint be filed within one year.") (quoting Ohio Civ. R. 3(A)). It follows then that PNC's unchallenged intervention in this action—asserting an interest in the same property under the same policy—can reasonably be viewed as compliant with the clause. *See Georgia Mut. Ins. Co. v. Glennville Bank & Trust Co.*, 494 S.E.2d 103, 104–05 (Ga. Ct. App. 1997) (finding ambiguous a substantially similar policy limitations clause and allowing a mortgagee to join a timely action, explaining that the policy "is silent as to the pivotal question of whether the mortgagee is required to bring a *separate, second* action even if 'the action' of the insured was timely filed and is pending"). Further, inasmuch as the Gibneys' timely suit alerted State Farm to its potential liability, this reading comports with the insurer's purpose for

including a limitations period in its policy: notice of potential liability. *See id.* at 105 ("[T]he possibility of exposure to liability became a certainty when the [insureds] filed suit; this was not changed by allowing the mortgagee to intervene in the pending action even after the one-year period.").

State Farm responds that "the action" must mean the "entire proceeding," and thus the clause requires the presence of *all parties and claims* in the action from the onset. But the clause specifies only that "the action" against State Farm "start[]" within a year, leaving unrestricted the possibility of adding claims or parties.

The district court, in finding that the clause barred PNC's claim, relied on *AmeriTrust Co. National Association v. West American Insurance Co.*, which found a mortgagee's action time-barred under a similar clause. 525 N.E.2d 491, 493–94 (Ohio Ct. App. 1987). That case, however, differs in a key way: no party satisfied the policy's limitations period, so no action *started* until the bank's untimely complaint. *See id.* at 492.

Finding the suit-against-us provision "reasonably susceptible of more than one meaning," *Retail Ventures*, 691 F.3d at 826, we interpret it in favor of the non-drafting party and hold that PNC timely filed its claims.

III.


For these reasons, we REVERSE the district court's grant of summary judgment and REMAND for proceedings consistent with this opinion.